# EXHIBIT F

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

RAYMOND WIERZBIC, BERNICE WIERZBIC, BRIAN
WIERZBIC and ANGELENE WIERZBIC,

        Plaintiffs,

-vs-

COUNTY OF ERIE,
ERIE COUNTY SHERIFFS DEPARTMENT,
ERIE COUNTY SHERIFF, TIMOTHY HOWARD,
Individually and in his Official capacity,
DEPUTY ERIE COUNTY SHERIFF MICHAEL HOOCK,
Individually and in his Official capacity,
DEPUTY ERIE COUNTY SHERIFF JASON WEISS,
Individually and in his Official capacity,
DEPUTY ERIE COUNTY SHERIFF THOMAS WAS,
Individually and in his Official capacity,
DEPUTY ERIE COUNTY SHERIFF JAMES FLOWERS,
Individually and in his Official capacity,
TOWN OF AURORA,
EAST AURORA POLICE DEPARTMENT,
EAST AURORA POLICE CHIEF RONALD KROWKA,
Individually and in his Official capacity,
EAST AURORA POLICE OFFICER ROBERT BRAEUNER,
Individually and in his Official capacity,

        Defendants.

**AFFIDAVIT OF ROBERT BRAEUNER IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

13-CV-0978

---

STATE OF NEW YORK   )
COUNTY OF ERIE           ) SS:

**ROBERT BRAEUNER**, being duly sworn, deposes and says:

1. I am a defendant in the above entitled action, and make this affidavit based upon my own personal knowledge.

2. I am currently an officer with the East Aurora Police Department and have been

5009156.1

so employed during at all times relevant herein. I was first appointed to the East Aurora Police Department in 2005. Previous to my employment with the East Aurora Police Department I was employed as a Deputy Sheriff with Erie County from 1998 to 2005. From 1990 to 1998 I was a Deputy Sheriff with Wyoming County.

3. I make this affidavit in support of the East Aurora Defendants' motion for summary judgment.

4. In 1992, I attended the Basic Police Course. During that time I was instructed on departmental policies and procedures, New York Criminal Procedure Law, New York Penal Law and state and federal constitutional law. Also, I received training on the use of force, investigative techniques, emergency care, CPR, use of firearms and defensive tactics.

5. Since I have been employed at the East Aurora Police Department I have received annual in-service training on use of force, in addition to other emerging topics for law enforcement.

6. During my tenure as Officer in East Aurora, the East Aurora Police Department Policies and Procedures Manual was available to me at all times. I consult the manual quite often in my employment at the East Aurora Police Department and am encouraged to do so by my superiors.

7. On July 2, 2012, I was working as Officer on routine patrol in the Town of Aurora. At approximately 4:30 pm, I received a call from dispatch that the Sheriff's Department was requesting back up at 49 Willis Road. In my experience, when an officer calls for back up, he is in trouble and needs immediate assistance. Accordingly, I proceeded to the route quickly with my sirens and lights on. I had no knowledge of any events that transpired prior to my

arrival or why we were summoned for back up.

8. When I arrived at the scene, I observed Erie County Sheriff Deputies Michael Hoock and James Flowers in a verbal altercation with a large male subject. I later learned the subject was plaintiff Raymond Wierzbic, Jr. (hereafter "Raymond Wierzbic" or "Mr. Wierzbic"). They were telling Raymond Wierzbic he was under arrest. Almost immediately upon my arrival, before I was close to the group, Raymond Wierzbic started to fight. I heard the Deputies tell Raymond Wierzbic he was under arrest. Deputies were attempting to handcuff him and he was resisting violently. Raymond Wierzbic was punching, swinging his arms and resisting arrest. Raymond Wierzbic was told several times he was under arrest and he kept struggling. While Mr. Wierzbic was struggling, I observed a woman and another man whom I later learned were Bernice Wierzbic and Brian Wierzbic, trying to pull the deputies off of Raymond Wierzbic.

9. I relied upon the statements of the officers at the scene when I arrived that Raymond Wierzbic was under arrest. As far as I knew, they were effectuating a lawful arrest. In addition, I observed Raymond Wierzbic struggling and attempting to strike the other officers.

10. I walked over and tried to separate Ms. Wierzbic from the group. She was yelling and screaming and asking for the East Aurora police. I was trying to get in her way to keep her away from the group by putting myself between her and the group, but did not touch her. I tried to explain to her that I was the East Aurora police and asked her to please back off and get away from the area so that she would not get arrested. I was focused on Ms. Wierzbic and was trying to keep everyone at the scene safe while the altercation was going on. I had no intention of arresting Ms. Wierzbic, but she ignored my request to stay away from the area where the struggle was occurring and struck me in the chest, hitting my vest. Because she struck me and was ignoring my requests, I told her she was under arrest. I detained her without incident. I calmly

5009156.1

11. After Ms. Wierzbic was secured, I did assist in getting the handcuffs put on Mr. Raymond Wierzbic, but did not spray any pepper spray, nor did I ever get on top of him. My contact with him was limited to trying to assist the other deputies to get his arm in a handcuff. The only physical contact I made with Raymond Wierzbic was by touching his arm.

12. I did not lay any hand on Brian Wierzbic, nor was I involved in any struggle with him.

13. On that day I did not use any of my pepper spray, nor did I draw my weapon. I did not use any weapons or aids available to me at any time during the events in question.

14. I did not touch the garden hose, or otherwise attend to Mr. Raymond Wierzbic after the incident. After Raymond Wierzbic was handcuffed, I had no further interaction with him.

15. My belief that day when I arrived at the scene was that there was an officer in trouble who called for backup. Although I had no idea what preceded my arrival, based upon statements from other officers that Raymond Wierzbic was under arrest, I believed, in good faith, that a lawful arrest was being effectuated and then observed Raymond Wierzbic violently resisting and placing other officers at risk of injury.

16. I did not bring any charges against any of the plaintiffs as a result of the incident. I did complete a police report based upon my observations and a supporting deposition, copies of which are attached hereto as **Exhibits "G" and "H"** respectively.

17. I did not know the plaintiffs before the date of the incident and did not bear any malice toward them. At all times, I acted in good faith toward them, believing that the officers at

the scene before my arrival were engaged in a lawful arrest, based upon probable cause.

My Chief, Ronald Krowka was not at the scene that day. Chief Krowka did not confer with me as to how I should respond to the call, nor did he direct my activities that afternoon.

18. I ask this Court to grant the motion for summary judgment.

_____
Robert Braeuner

Sworn to before me this
11th day of May, 2016.

_____
Notary Public

CATHERINE E. GAZDA
Notary Public, State of New York
Qualified in Erie County
No. 01WO6272695
My Commission Expires 11-19-20 16

5009156.1