**EXHIBIT A**

UNITED STATES DISTRICE COURT
WESTERN DISTRICT OF NEW YORK

RAYMOND WIERZBIC, BERNICE WIERZBIC,
BRIAN WIERZBIC, and ANGELENE WIERZBIC,

                Plaintiffs,

vs.                                                                                                                  **COMPLAINT**

COUNTY OF ERIE,
ERIE COUNTY SHERIFFS DEPARTMENT,                          **JURY TRIAL DEMANDED**
ERIE COUNTY SHERIFF, TIMOTHY HOWARD,
Individually and in his Official capacity,
DEPUTY ERIE COUNTY SHERIFF MICHAEL HOOCK,
Individually and In his official capacity,
DEPUTY ERIE COUNTY SHERIFF JASON WEISS,
Individually and In his official capacity,
DEPUTY ERIE COUNTY SHERIFF THOMAS WAS,
Individually and In his official capacity,
DEPUTY ERIE COUNTY SHERIFF JAMES FLOWERS,
Individually and In his official capacity,
TOWN OF AURORA,
EAST AURORA POLICE DEPARTMENT,
EAST AURORA POLICE CHEIF RONALD KROWKA ,
Individually and In his official capacity,
EAST AURORA POLICE OFFICER ROBERT BRAEUNER,
Individually and In his official capacity,

                Defendants.

PRELIMINARY STATEMENT

    1.    This civil rights action challenges the constitutionality of the Erie County Sheriff's Department 's practice of serving civil process on the private property of civil litigants by coming onto and/or remaining on private property after being instucted by the property owner to leave the property and then pursuing questioning and criminal proceedings without probable cause.

    2.    Defendants' policies, practices and actions have violated the Plaintiffs' rights under the First and Fourth Amendments to the United States Constitution, Article I, Sections 8 and 12

of the New York Constitution and common law. The Plaintiffs request declaratory and monetary relief to redress the damages caused to them.

## PARTIES

Plaintiffs:

3. Plaintiffs Raymond Wierzbic, Bernice Wierzbic, Brian Wierzbic and Angelene Wierzbic are a residents of the Town of Orchard Park, County of Erie and State of New York and reside at 5734 Burton Road , Orchard Park, New York.

Defendants:

4. Upon information and belief defendant County of Erie is a municipal corporation incorporated and operating in the State of New York.

5. Upon information and belief defendant Erie County Sheriffs Department is a a law enforcement agency acting on behalf of the County of Erie.

6. Upon information and belief defendant Timothy Howard is and was at all times relevant to the allegations contained in this complaint the Sheriff of the Erie County Sheriffs Department and employed by the County of Erie which is located at 10 Delaware Ave., Buffalo, New York.

7. Upon information and belief defendants MICHAEL HOOCK, JASON WEISS, THOMAS WAS, and JAMES FLOWERS, Individually and In their official capacities are and were at all times relevant to the allegations contained in this complaint Deputy Erie County Sheriffs employed by the Erie County Sheriff's Department which is located at 10 Delaware Ave., Buffalo, New York.

8. Upon information and belief defendant Town of Aurora is a municipal corporation incorporated and operating in the State of New York.

9. Upon information and belief defendant Erie Aurora Police Department is a law enforcement agency acting on behalf of the Town of Aurora.

10. Upon information and belief defendant RONALD KROWKA is and was at all times relevant to the allegations contained in this complaint the EAST AURORA POLICE CHEIF and employed by the East Aurora Police Department located at 571 Main St., East Aurora, New York.

11. Upon information and belief defendant Robert Braeuner, Individually and in his official capacities is and was at all times relevant to the allegations contained in this complaint East Aurora Police Officer employed by the East Aurora Police Department which is located at 571 Main St., East Aurora, Buffalo, New York.

12. That on 27th day of September 2012 the Plaintiffs made and served separately upon the County of Erie and the Town of Aurora, within the time prescribed by law, s sworn Notice of Claim. At least 30 days have elapsed since the service of such notice, and the County of Erie and the Town of Aurora have refused to make any adjustment or payment. This action is commenced within one year and ninety days after the date of the event.

13. The County of Erie and the Town of Aurora have not availed themselves of their opportunity to hold a hearing pursuant to General Municipal Law 50-h.

14. At all times relevant herein, the conduct of all Defendants was subject to 42 U.S.C. sections 1983, 1985, 1986 and 1988.

15. The Plaintiffs hereby asserts the following claims against the Defandants in above-entitled action:

   a. Violation of 42 U.S.C. 1983: Excessive force,

   b. Violation of 42 U.S.C. 1983: Malicious prosecution,

   c. Violation of 42 U.S.C. 1983: Refusing or neglecting to prevent,

  d. Violation of 42 U.S.C. 1983: Consipacy,

  e. False arrest,

  f. False imprisonment,

  g. Assault,

  h. Battery,

  i. Intentional infliction of emotional distress,

  j. Negligent hiring and retention, and

  k. Negligent training and supervision.

## FACTS

16. This complaint arises from an incident that took place on July 2, 2013 in which the Plaintiffs were was falsely arrested. The Plaintff Raymond Wierzbic was charged with violating New York Penal Law Sections 120.15 Menacing in the Third Degree, 240.26 Harassment in the Second Degree, 195.05 Obstructing Governmental Administration in the Second Degree and 205.30 Resisting Arrest. Plaintiff Bernice Wierzbic was charged with violating New York Penal Law Sections 195.05 Obstructing Governmental Administration in the Second Degree and 205.30 Resisting Arrest and Plaintiff Brian Wierzbic was charged with violating New York Penal Law Sections 120.05 Assault in the Second Degree, 195.05 Obstructing Governmental Administration in the Second Degree and 205.30 Resisting Arrest. The charge of Assault Second was subsequently reduced to 120.00 Assault in the Second Degree.

17. On July 2, 2012 at approximately three thirty o'clock in the afternoon the Plaintiffs were lawfully on the property of Plaintiff Brian Wierzbic located at 49 Willis Road, in the Town of Aurora, County of Erie and State of New York. At that time and place an Erie County Sheriff's car pulled up to the property and blocked the driveway by parking his vehicle across the entrance to the driveway. An Erie County Sheriff's Deputy, later identified as Deputy Jason Hoock, exited

the vehicle and proceeded to walk up the driveway past a clearly displayed "No Trespassing" sign hanging next to the driveway. Plaintiff Raymond Wierzbic was on his knees working on a tractor with some pliers. Plaintiff Brian Wierzbic approached the Sheriff's Deputy who was in full uniform and armed. Plaintiff Brian Wierzbic asked the Deputy, "Can I help you?" The Deputy asked him if he was Raymond Wierzbic. The Deputy said he had papers and asked Plaintiff Brian Wierzbic for identification. Brian gave him his driver's license and advised Deputy Hoock that he would accept the papers and that this was private property and he had to leave as he was trespassing. The Deputy did not give Brian the papers and instead asked him, indicating Plaintiff Raymond Wierzbic, "who's that guy?" Brian informed Deputy Hoock that the man he was indicating was working and that this was private property and the deputy needed to leave.

18.    Instead of leaving the deputy attempted to ask Defendant Raymond Wierxbic who he was. Raymond told him that unless he has a warrant he needs to get off the property. The Deputy then told Raymond to put his pliers down. Raymond told him that he had no right to tell him what to do and that he should get the fuck off their property. At that point the Deputy informed Raymond he was under arrest.

19.    Raymond rose to his feet, put down the pliers and proceeded to walk away from Deputy Hoock. The Deputy told him to stop, that he was under arrest but Raymond ignored him knowing he had no right to trespass on the property and harass him.

20.    Plaintiff Brian Wierzbic again informed the Deputy that he would accept the papers but the Deputy said responded that it was too late and that Raymond was under arrest. Brian asked the Deputy what he thought he was doing and that he would accept the papers. The deputy responded to Brian by saying "we are beyond that point now and you (referring to Brian) are under arrest too."

21. The Deputy followed Raymond down the farm driveway and tried to grab him repeatedly and then began hitting him from behind. The Deputy then sped up to get a better angle on Raymond and when then attempted to pepper spray him in the face. Raymond blocked the can with his arm and the can fell to the ground. Nevertheless, Raymond still got sprayed. Raymond turned around and walked back toward the house to get water.

22. The Deputy followed behind trying to catch up to Raymond. Plaintiff Brian Wierzbic heard the Deputy use his radio. He said into the radio that, "there are orneries at 49 Willis resisting arrest." At that point Raymond was calling his attorney, Eric Bloom, to get advice. The Deputy caught up to Raymond as he was talking to his attorney on his cell phone explaining that a Deputy was here trying to serve papers. Raymond asked the Deputy if he had an arrest warrant. Raymond tried to hand the phone to the Deputy telling him it was his lawyer. The deputy responded by knocking the phone out of Raymond's hand onto the ground and then the Deputy charged Raymond and around that time three other Sheriff's Deputies, Jason Wiess, James Flowers and Thomas Was and an East Aurora Police officer Robert Braeuner arrived and some and or all attacked the Plaintiff Raymond Wierzbic.

23. At around that time Plaintiff Bernice Wierzbic was calling 911 telling them that her husband was being attacked. Also around this time several more Sheriff's cars and some East Aurora Police cars showed. From those cars additional law enforcement personnel rushed onto the Wierzbic property. Bernice move toward where at least three law enforcement personnel were beating Raymond. One of them grabbed her and put her in handcuffs without probable caused place her under arrest. A Deputy was standing near Brian, later identified as Deputy Weiss, as Brian was watching as Deputy Hoock was kneeling on his father Raymonds's back and smashing his head into the ground. Raymond was screaming that he needed water because the pepper spray was all over him. Brian moved to get the hose and Deputy Weiss punched him in the

throat and he fell to the ground. Deputy Weiss jumped on Brian and put him in handcuffs without probable caused placed him under arrest .

24.     The officers and deputies continued to beat Raymond repeatedly, pepper sprayed him at least two more times and water-boarded him into submission all without probable caused to place him under arrest.

25.     The Plaintiffs were all taken into custody and put into Defendants' Sheriff's cars. Plaintiffs Brian and Bernice Wierzbic were taken to the Erie County Sheriff's sub-station in Elma, New York. Plaintiff Raymond Wierzbic was taken to Erie County Medical Center. Subsequently all the Plaintiffs were taken to the Erie County Holding Center. The Plaintiffs remained in custody at the Erie County Holding Center until late the next day, July 3, 2012 when they were taken to Aurora Town Court where they were all arraigned before Aurora Town Court Judge Jeffrey Markello. From soon after the time of the arrest of Plaintiffs Raymond, Bernice and Brian Wierzbic, the Plaintiff Angelene Wierzbic, the daughter of Raymond and Bernice Wierzbic and the sister of Brian Wierzbic, was involved in trying to have her parents and brother released from custody and went through extreme emotional stress, worry and concern about the safety and well-being of her parents and brother.

26.     By virtue of their appointment and employment as Deputy Sheriffs with the Erie County Sheriff's Department Defendants Hoock, Flowers, Wiess, and Was acted under the color of law by using the authority vested in them by virtue of the appointments and by using the complaint procedures, arrest procedures, the procedures for use of force and other procedures set forth in the New York Criminal Procedure law which procedures are only available to police officers.

27.     By virtue of his appointment and employment as a Police Officer with the East Aurora Police Department Defendant Braeuner acted under the color of law by using the

authority vested in them by virtue of the appointments and by using the complaint procedures, arrest procedures, the procedures for use of force and other procedures set forth in the New York Criminal Procedure law which procedures are only available to police officers.

28. Defendant Eire County acted under color or law in hiring, training and supervision its deputies, including Hoock, Flowers, Wiess, and Was.

29. Defendant East Aurora Police Department acted under color or law in hiring, training and supervision its officer Braeuner.

30. Defendants Hoock, Flowers, Wiess, Was and Braeuner had no probable cause to arrest the Plaintiffs as they posed no risk of harm to theirselves or others.

31. Hoock, Flowers, Wiess, Was and Braeuner seized the Plaintiffs in an unlawful and excessive manner.

32. Hoock, Flowers, Wiess, Was other deputy sheriffs of the Erie County Sheriff's Department and Braeuner and other police officers of the East Aurora Police Department did use force against the Plaintiffs.

33. That by reason of the wrongful and unlawful actions of the defendants, the Plaintiffs suffered pain and injuries including without limitation extreme discomfort, bruises and contusions, and mental anguish.

34. The Plaintiffs were damaged by defendants' use of excessive force in an amount to be determined at trial.

35. The conduct of defendants as set forth herein constitutes outrageous conduct done for an evil motive, warranting the imposition of punitive damages.

36. On or about July 2, 2012 Hoock, Flowers, Wiess, Was other deputy sheriffs of the Erie County Sheriff's Department and Braeuner and other police officers of the East Aurora

Police Department initiated a criminal proceeding when they filed Informations/Complaints charging Plaintiffs violations of the provisions of the Penal Law of the State of New York.

37. After their arrest Plaintiffs were detained at the Erie County Holding Center on behalf of the County of Erie and Town of Aurora.

38. The charges aforementioned were all lodged in the Aurora Town Court against Plaintiffs.

39. Upon information and belief Hoock, Flowers, Wiess, Was other deputy sheriffs of the Erie County Sheriff's Department and Braeuner and other police officers of the East Aurora Police Department used excessive force and arrested Plaintiffs without probable cause in violation of their constitutional rights.

40. The accusatory instruments filed by Hoock, Flowers, Wiess, Was other deputy sheriffs of the Erie County Sheriff's Department and Braeuner and other police officers of the East Aurora Police Department contained false allegations and statements that among other things contradicted the information contained in their own police reports.

41. Upon information and belief the County of Erie and Town of Aurora knew that Hoock, Flowers, Wiess, Was other deputy sheriffs of the Erie County Sheriff's Department and Braeuner and other police officers of the East Aurora Police Department used excessive force and made arrests without probable cause in violation of citizens Consitutional rights.

42. As a result of Hoock, Flowers, Wiess, Was other deputy sheriffs of the Erie County Sheriff's Department and Braeuner and other police officers of the East Aurora Police Department concerted unlawful and malicious arrest, Plaintiffs were deprived of both thier liberty without due process of law and thier right to equal protection of the laws, and the due course of justice was impeded, in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States and 43 U.S.C. Section 1083.

43. At all times relevant to this complaint defendants Hoock, Flowers, Wiess, Was other deputy sheriffs of the Erie County Sheriff's Department and Braeuner and other police officers of the East Aurora Police Department were acting under the direction and control of Defendants Erie County Sheriffs Department Sheriff Timothy Howard, the Erie County Sheriffs Department and County of Erie and East Aurora Police Department Chief Ronald Krowka, the East Aurora Police Department and the Town of Aurora.

44. Acting under color of law and pursuant to official policy of custom Defendants Erie County Sheriffs Department Sheriff Timothy Howard, the Erie County Sheriffs Department and County of Erie and East Aurora Police Department Chief Ronald Krowka, the East Aurora Police Department and the Town of Aurora knowingly, recklessly and with gross negligence failed to instruct, supervise, control and discipline on a continuing basis Hoock, Flowers, Wiess, Was other deputy sheriffs of the Erie County Sheriff's Department and Braeuner and other police officers of the East Aurora Police Department in their duties to refrain from:

    a. Unlawfully and maliciously harassing a citizen who was acting in accordance with his constitutional and statutory rights, privileges and immunities,

    b. Unlawfully and maliciously arresting, imprisoning and prosecuting a citizen who was acting in accordance with his constitutional and statutory right, privileges and immunities

    c. Conspiring to violate the rights, privileges and immunities guaranteed to Plaintiff by the Constitution of the United States and the laws of New York State; and

    d. Otherwise depriving Plaintiff of his constitutional and statutory rights, privileges and immunities.

45.     Defendants Erie County Sheriffs Department Sheriff Timothy Howard, the Erie County Sheriffs Department and County of Erie and East Aurora Police Department Chief Ronald Krowka, the East Aurora Police Department and the Town of Aurora directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless and wanton conduct of Hoock, Flowers, Wiess, Was other deputy sheriffs of the Erie County Sheriff's Department and Braeuner and other police officers of the East Aurora Police Department.

46.     As a direct and proximate cause of the negligent and intentional acts of Defendants County of Erie, County Sheriff Timothy Howard, Town of Aurora and East Aurora Police Chief Ronald Krowka, Plaintfifs suffered physical injury, loss and severe mental anguish in connection with the deprivation of his constitutional and statutory rights guaranteed by the Fifth and Fourteenth Amendments of the constitution of the United States.

46.     As a result of Hoock, Flowers, Wiess, Was other deputy sheriffs of the Erie County Sheriff's Department and Braeuner and other police officers of the East Aurora Police Department concerted unlawful and malicious conspiracy, Plaintiffs were deprived of thier liberty without due process of law and thier right to equal protection of the laws, in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. section 1983 and 1985.

47.     Hoock, Flowers, Wiess, Was other deputy sheriffs of the Erie County Sheriff's Department and Braeuner and other police officers of the East Aurora Police  Department were conspirators engaged in a scheme and conspiracy  designed and intended to deny and deprive Plaintiffs of rights guaranteed under the Constitution and laws of the United States and State of New York.

48.     In furtherance of their conspiracy, Hoock, Flowers, Wiess, Was other deputy sheriffs of the Erie County Sheriff's Department and Braeuner and other police officers of the East

Aurora Police Department committed overt acts against Plaintffs. Those unlawful overt acts include, but are not limited to the following:

    a. Falsely arresting the Plaintiffs;

    b. Fabricating and filing false accusatory instruments against the Plaintiffs; and

    c. Filing false police reports.

49. Hoock, Flowers, Wiess, Was other deputy sheriffs of the Erie County Sheriff's Department and Braeuner and other police officers of the East Aurora Police Department agreed that the object or course of action was to harass, arrest, detain and confine Plaintiffs without probable cause, and maliciously charge and prosecute them.

50. Plaintiffs' damages were a direct result of those acts.

51. Defendants County of Erie, County Sheriff Timothy Howard, Town of Aurora and East Aurora Police Chief Ronald Krowka are liable under the doctrine of respondeat superior.

52. Hoock, Flowers, Wiess, Was other deputy sheriffs of the Erie County Sheriff's Department and Braeuner and other police officers of the East Aurora Police Department arrested Plaintiffs in the absence of probable cause and without a warrant.

53. As a result of the aforesaid conduct by defendants Plaintiffs wereas subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined and prosecuted by the defendants in the criminal proceedings.

54. The aforesaid actions by the defendants constituted a deprivation of the Plaintiffs's rights.

55. As a result of the false arrest, Plaintiffs were falsely imprisoned, thier liberty was restricted for an extended period of time, they were put in fear for his safety and was humiliated and subjected to handcuffing and other physical restraint.

56. The Plaintiffs were conscious of their confinement and did not consent to it.

57. The Defendant Deputy Sheriffs and Police Officers, acting as agents and on behalf of defendant County of Erie and the Town of Aurora within the scope of their employment, wrongfully, maliciously and unlawfully placed Plaintiffs under arrest, transported them to the police lock-up where they were confined.

58. The confinement of Plaintiffs was without probable cause and was not otherwise privileged.

59. As a result of the above conduct, Plaintiffs have suffered mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

60. Hoock, Flowers, Wiess, Was other deputy sheriffs of the Erie County Sheriff's Department and Braeuner and other police officers of the East Aurora Police Department actions placed Plaintiffs in apprehension of imminent harmful and Offensive bodily contact.

61. The Defendant Deputy Sheriffs and Police Officers, acting as agents and on behalf of defendant County of Erie and the Town of Aurora within the scope of their employment, intentionally, willfully and maliciously assaulted the Plaintiffs.

62. As a result of Hoock, Flowers, Wiess, Was other deputy sheriffs of the Erie County Sheriff's Department and Braeuner and other police officers of the East Aurora Police Department conduct, Plaintiffs have suffered physical pain, mental anguish and the loss of property , together with shock, fright, apprehension, embarrassment and humiliation.

63. This action is brought pursuant to 42 U.S.C. Section 1983. Subject matter jurisdiction is conferred by 28 U.S.C. Sections 1331 and 1343(a)(3). This Court has supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. Section 1367(a).

64. Venue is proper in the United States District Court for the Western District of New York under 28 U.S.C. Section 1391(b)(2) because the events and omissions giving rise to the claims in this action occurred in this District.

65. As a direct result of the acts, omissions and policies of the Defendants the Plaintiffs were deprived of their rights under the First Amendment of the United States Constitution and 42 U.S.C. Section 1983.

66. As a direct result of the acts, omissions and policies of the Defendants the Plaintiffs were deprived of their rights under the Fourth Amendment of the United States Constitution and 42 U.S.C. Section 1983.

67. As a direct result of the acts, omissions and policies of the Defendants the Plaintiffs were deprived of their rights under Article I, Section 8 of the New York Constitution.

68. As a direct result of the acts, omissions and policies of the Defendants the Plaintiffs were deprived of their rights under Article I, Section 12 of the New York Constitution.

69. As a direct result of the acts, omissions and policies of the Defendants the Plaintiffs were deprived of their rights under New York common law to be free of false arrest, false imprisonment, malicious prosecution, assaul, battery and intentional infliction of emotional distress.

REQUESTS FOR RELIEF

WHEREFORE the Plaintiffs respectfully request that the Court:

A. Assume jurisdiction over this matter;

B. Declare that Defendants' actions violated the Plaintiffs' rights under the First Amendment of the United States Consitution and Article I, Section 8 of the New York Constitution;

C. Declare that Defendants' actions violated the Plaintiffs' rights under the Fourth Amendment of the United States Constitution and Article I, Section 12 of the New York Constitution;

D. Declare that Defendants' actions violated the Plaintiffs' rights under New York common law;

E. Award compensatory damages for injuries sustained by Plaintiffs.

F. Award punitive damages to Plaintiffs for the actions of the Defendants for their egregious conduct.

G. Award Plaintiffs reasonable attorneys fees and costs under 42 U.S.C. Section 1988; and

H. Grant any other relief that the Court deems just and proper.

DATED:   Buffalo, New York
         September 24, 2013

*[signature]*

Paul E. Fallon, Esq.
Attorney for Plaintiffs
57 High Park Blvd.
Amherst, New York 14226
(716) 830-2931