UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
RAYMOND WIERZBIC, BERNICE WIERZBIC, BRIAN
WIERZBIC, and ANGELENE WIERZBIC,

                                    Plaintiffs,

vs.

COUNTY OF ERIE,
ERIE COUNTY SHERIFFS DEPARTMENT,                    **Civil Docket No.**
ERIE COUNTY SHERIFF TIMOTHY HOWARD,            **1:13-CV-00978-WMS-LGF**
Individually and in his official capacity,
DEPUTY ERIE COUNTY SHERIFF MICHAEL HOOCK,
Individually and in his official capacity,
DEPUTY ERIE COUNTY SHERIFF JASON WEISS,
Individually and in his official capacity,
DEPUTY ERIE COUNTY SHERIFF THOMAS WAS,
Individually and in his official capacity,
DEPUTY ERIE COUNTY SHERIFF JAMES FLOWERS,
Individually and in his official capacity,
TOWN OF AURORA,
EAST AURORA POLICE DEPARTMENT,
EAST AURORA POLICE CHIEF RONALD KROWKA,
Individually and in his official capacity,
EAST AURORA POLICE OFFICER ROBERT
BRAEUNER, Individually and in his official capacity,

                                    Defendants.

## MEMORANDUM OF LAW IN OPPOSITION TO THE PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

                                          **GOLDBERG SEGALLA LLP**
                                          *Attorneys for East Aurora Police Department,*
                                          *Chief Ronald Krowka, and Officer Robert Braeuner*
                                          Julie P. Apter, Esq.
                                          Kristin Klein Wheaton, Esq.
                                          665 Main Street
                                          Buffalo, New York 14203
                                          (716) 566-5400

# I. PRELIMINARY STATEMENT

Defendants, the East Aurora Police Department, East Aurora Police Chief Ronald Krowka (hereafter "Chief Krowka") and East Aurora Police Officer Robert Braeuner (hereafter "Officer Braeuner") (collectively "East Aurora Defendants") submit this Memorandum of Law in opposition to the plaintiffs motion for summary judgment, seeking dismissal of plaintiffs complaint and any and all cross-claims against them, in their entirety, on the merits, and with prejudice for the reasons discussed in detail below.

# II. STATEMENT OF FACTS

The relevant facts and procedural history are fully set forth in the East Aurora Defendants' Local Rule 56.1(a) Statement of Undisputed Facts and are incorporated herein. (*See Docket No. 81, #2*). In addition, the East Aurora Defendants have responded to the plaintiffs' Rule 56 Statement of Facts, to be filed concurrently herewith and incorporate that response herein as well. The East Aurora Defendants note that although the plaintiffs have attached as an exhibit underlying trial testimony, in its entirety, the plaintiffs have only referred to limited testimony of Deputy Hoock. The plaintiffs have not referred to or discussed any testimony taken from the East Aurora Defendants. "While the trial court has discretion to conduct an assiduous review of the record in an effort to weigh the propriety of granting a summary judgment motion, it is not required to consider what the parties fail to point out." *Monahan, et. al. v. N.Y. City Dep't of Corrections, et. al., 214 F.3d 275, 292 (2d Cir. 2000)(citations omitted)*. Plaintiffs' argument is directed to the Erie County Defendants, and not the East Aurora defendants. As noted in the East Aurora Defendants' motion for summary judgment, Officer Robert Braeuner was not present during many of the alleged events. Chief Ronald Krowka was not present at 49 Willis Road at any time that day and did not personally participate in any of the alleged events.

1

Accordingly, the motion for summary judgment brought by the plaintiffs should be denied as it pertains to the East Aurora defendants, and it is respectfully requested that the East Aurora Defendants' Motion for Summary Judgment be granted in its entirety.

## SUMMARY JUDGMENT STANDARD

Federal Rule 56 permits a court to grant summary judgment where there is no material issue of fact, and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "A fact is material only if it has some effect on the outcome of the suit." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Catanaro v. Weiden*, 140 F.3d 91, 93 (2d Cir. 1998). A party moving for summary judgment can meet its burden either by producing evidence showing the absence of a genuine issue of material fact, or by pointing out to the court that there is an absence of evidence supporting one or more essential elements of the non-moving party's case. *Celotex Corp.*, 477 U.S. at 325. "Once the movant makes a sufficient showing of an absence of evidence to support the non-moving party's case, the non-moving party then assumes the burden of coming forward with evidence demonstrating a genuine issue of material fact." *Barney v. Haveman*, 879 F. Supp. 775, 778 (W.D. Mich. 1995). The party opposing a motion for summary judgment must set forth concrete particulars; it is not sufficient merely to assert conclusions without supplying supporting arguments or facts. *Bell South Telecommunications v. W.R. Grace*, 77 F.3d 603 (2d Cir. 1996). Moreover, a summary judgment motion will not be defeated merely on the basis of a "metaphysical doubt" about the facts, *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986), or "on the basis of conjecture or surmise." *Bryant v. Maffucci*, 923 F.2d 979, 982 (2d Cir.), *cert. denied*, 502 U.S. 849 (1991).

2

# ARGUMENT

## I. PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT ON A CAUSE OF ACTION FOR TRESPASS SHOULD BE DENIED AND ANY ASSERTED CAUSE OF ACTION FOR TRESPASS SHOULD BE DISMISSED.

### A. Plaintiffs Failed To Allege A Cause Of Action In Trespass In Their Complaint.

Plaintiffs have brought a motion for summary judgment on a sole cause of action of trespass. However, trespass was not pled as a cause of action in plaintiffs' complaint *(Docket No. 1)*, nor was it particularized or mentioned as a cause of action in response to the East Aurora Defendants' First Set of Interrogatories as against with Chief Krowka or Officer Braeuner. *(Defendants First Set of Interrogatories, Docket No. 81, Exhibit D, ¶¶ 9, 16, 17, and 18)*. Because plaintiffs did not even assert a cause of action in trespass, nor did they timely move to amend their complaint to assert such a cause of action, their motion for summary judgment should be denied.

### B. Plaintiffs Failed to File a Notice of Claim Against the Village of East Aurora Which Bars Their Claims Against the East Aurora Defendants.

Even if the Court allows the plaintiffs to maintain an action in trespass despite not having pled such a cause of action, an additional basis for dismissal of the claim is the failure to comply with New York's notice of claim statute. New York Civil Practice Law and Rules § 9801 provides: "[n]o action shall be maintained against the village for a personal injury or injury to property alleged to have been sustained by reason of the negligence or wrongful act of the village or of any officer, agent or employee thereof, unless a notice of claim shall have been made and serviced in compliance with section fifty-e of the general municipal law." *N.Y. Civ. Prac. L & R § 9801 (Lexis 2016)*. "Therefore, because timely service of a Notice of Claim is a 'condition precedent to commencement of a tort action against [a public corporation] or its

employees, . . . failure to do so is grounds for dismissal." *Walker v. Village of Freeport, 2016 U.S. Dist. LEXIS 77582 , \*28 (E.D.N.Y. June 13, 2016)(citations omitted)*. "Moreover, a plaintiff is required to affirmatively plead in his complaint that he has filed a notice of claim." *Id. (citations omitted)*. "Ultimately, the burden is on the plaintiff to demonstrate compliance with the Notice of Claim requirement." *Id. (citations omitted)*.

In the present case, upon information and belief, the plaintiffs failed to serve a notice of claim upon the Village of East Aurora. Moreover, in their Complaint, the Plaintiffs only allege that they served a notice of claim upon the Town of Aurora and County of Erie, so there is no allegation that plaintiffs did timely serve any notice of claim upon the Village of East Aurora, which is a separate and distinct entity apart from the Town of Aurora and County of Erie. *See Complaint, Docket No. 1,* ¶ *12*. It appears that plaintiffs may have mistakenly believed that the Village of East Aurora was an arm of the Town of Aurora, which is not the case. *See Complaint, Docket No. 1,* ¶ *9*. This allegation was denied by the East Aurora Defendants. *See Answer, Docket No. 8,* ¶ *2*. Because plaintiffs failed to serve a notice of claim upon the Village of East Aurora, their motion for summary judgment on their trespass claim should be denied and that claim, along with all of plaintiffs' state law claims should be dismissed with respect to the East Aurora Defendants. *See Walker, 2016 U.S. Dist. LEXIS 77582 at \*28-29*.

### C. Plaintiffs Fail to State a Cause of Action for Trespass Against the East Aurora Defendants.

Alternatively, if the Court does not dismiss the plaintiffs' claim for trespass on the procedural grounds outlined above, dismissal of the claim as against the East Aurora Defendants is still appropriate on the merits. "Trespass is characterized by one's intentional entry, with neither permission nor legal justification, upon the real property of another." *Castanza v. Town*

*of Brookhaven, et. al.*, 700 F.Supp.2d 277, 293 (E.D.N.Y. 2010), quoting *Wells Fargo v. Tyson, No. 2007-28042, 27 Misc.3d 684, (Sup. Ct. Mar. 5, 2010)*. "To be liable for trespass, a defendant 'must intend the act which amounts to or produces the unlawful invasion, and the intrusion must at least be the immediate or inevitable consequence of what he willfully does, or which he does so negligently." *Id. at 293-294, quoting Phillis v. Sun Oil Co., 307 N.Y. 328, 331 (1954)*. If the entry is privileged, no action in trespass can be maintained against the public official. *See Id., citing Esmont v. City of New York, 371 S.Supp.2d 202, 212 n.10 (E.D.N.Y. 2005)*(noting that "entries onto private land by private officers authorized to abate public nuisances are privileged against trespass actions at common law"); *Woodhull v. Town of Riverhead, 46 A.D.3d 802, 804 (2d Dep't 2007)*("The defendant satisfied its prima facie burden establishing its entitlement to judgment as a matter of law by demonstrating that its officers were authorized to enter plaintiff's land to post a stop-work order after having observed a violation of the Code of the Town of Riverhead.").

In the present case, as noted in the East Aurora Defendants' Motion for Summary Judgment (Docket No. 81), no cause of action may be maintained against the East Aurora Police Department because it is not a legal entity subject to suit. *See East Aurora Defendants Memo of Law in Support of Summary Judgment, Docket No. 81, #19, page 3.* In addition, it remains undisputed that Chief Ronald Krowka never set foot on plaintiffs' property, so he cannot be liable to the plaintiffs for trespass. *Krowka Affidavit, Docket No. 81, #14 (Ex. K), ¶¶ 9-12, 14.*

With respect to Officer Brauener (or any of the East Aurora Defendants for that matter), plaintiffs fail to allege any specific allegations against him other than asserting that all of the defendants are jointly and severally liable for trespass. *Plaintiffs' Memo of Law in Support of Motion for Summary Judgment, Docket No. 84, #10, page 5.* However, *Kapson v. Kubath, 165*

*F.Supp. 542 (W.D.Mich. 1958),* relied upon by plaintiff is not binding authority on this Court; nor does the case support plaintiff's argument because the Court in that case was applying Michigan and Indiana common law in its analysis of the trespass claim. Any claim of trespass in the present case is governed by New York State Law and *Kapson* is inapplicable.

Officer Braeuner's entry on to plaintiffs' property was privileged because plaintiffs called 911 and requested that the East Aurora police come out to assist; accordingly, plaintiffs requested that Officer Braeuner (through his department) come to their property. In addition, Officer Braeuner was never told he had to leave the property upon or after his arrival by any of the plaintiffs. Finally, Officer Braeuner's entry on the plaintiffs' property was neither willful nor negligent as he was responding to an emergency call for officer assistance and upon his arrival observed, as far as he knew, plaintiff Ray Wierzbic resisting arrest. *See Braeuner Affidavit, Docket No. 81, Ex. F, ¶¶ 7-11.*

Based upon these facts and for the reasons set forth in the East Aurora Defendants' Memorandum of Law in support of their motion for summary judgment, Officer Breauner had probable cause to be at the property and his actions are privileged, thus negating a finding of trespass against him. Officer Braeuner's situation is similar to the public code enforcement officer in *Woodhull* that observed a code violation which caused him to enter the property. *See Woodhull, 46 A.D.3d at 804.* Officer Breauner acted reasonably with respect to the information available to him at the time and there is no basis to find him liable under a theory of trespass as a matter of law.

6

## CONCLUSION

For reasons set forth herein, and based upon record in this matter, the Motion for Summary Judgment on behalf of Plaintiffs should be denied in its entirety and this action should be dismissed along with all cross-claims as against the East Aurora Police Department, Officer Robert Braeuner and Chief Ronald Krowka, and this Court should grant any such other and further relief that it deems appropriate.

DATED:   Buffalo, New York
         June 24, 2016

*s/ Julie P. Apter*
Julie P. Apter, Esq.
Kristin Klein Wheaton, Esq.
GOLDBERG SEGALLA LLP
*Attorneys for Defendants EAST AURORA POLICE DEPARTMENT, EAST AURORA POLICE CHIEF RONALD KROWKA, Individually and in his Official capacity, EAST AURORA POLICE OFFICER ROBERT BRAEUNER, Individually and in his Official capacity*
665 Main Street, Suite 400
Buffalo, New York 14203
(716) 566-5400
japter@goldbergsegalla.com

To:   Paul E. Fallon, Esq.
      *Attorneys for Plaintiffs*
      57 High Park Boulevard
      Amherst, New York 14226
      Telephone: (716) 830-2931
      Pfallon6458@gmail.com

      Daire Brian Irwin, Esq.
      *Attorney for Plaintiffs*
      210 Voorhees Avenue
      Buffalo, New York 14216
      (716) 822-7645
      dbi59@roadrunner.com

7

Jennifer C. Persico, Esq.
LIPPES MATHIAS WEXLER FRIEDMAN LLP
*Attorneys for Co-Defendants*
*County of Erie, Erie County Sheriff's Department,*
*Erie County Sheriff Timothy Howard,*
*Erie County Sheriff Deputy Michael Hoock,*
*Erie County Sheriff Deputy Jason Weiss,*
*Erie County Sheriff Deputy Thomas Was, and*
*Erie County Sheriff Deputy James Flowers*
50 Fountain Plaza, Suite 1700
Buffalo, New York 14202
Telephone: (716) 853-5100
jpersico@lippes.com