# EXHIBIT A

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

RAYMOND WIERZBIC, BERNICE WIERZBIC,
BRIAN WIERZBIC, and ANGELENE WIERZBIC,

                         Plaintiffs,

    vs.

COUNTY OF ERIE,
ERIE COUNTY SHERIFFS DEPARTMENT,
ERIE COUNTY SHERIFF, TIMOTHY HOWARD,
Individually and in his Official capacity,
DEPUTY ERIE COUNTY SHERIFF MICHAEL HOOCK,
Individually and in his Official capacity,
DEPUTY ERIE COUNTY SHERIFF JASON WEISS,
Individually and in his Official capacity,
DEPUTY ERIE COUNTY SHERIFF THOMAS WAS,
Individually and in his Official capacity,
DEPUTY ERIE COUNTY SHERIFF JAMES FLOWERS,
Individually and in his Official capacity,
TOWN OF AURORA,
EAST AURORA POLICE DEPARTMENT,
EAST AURORA POLICE CHIEF RONALD KROWKA,
Individually and in his Official capacity,
EAST AURORA POLICE OFFICER ROBERT BRAEUNER,
Individually and in his Official capacity,

                         Defendants.

**FIRST SET OF
INTERROGATORIES**

Civ. Action No. 13-cv-0978

---

       Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure ("FRCP"), the

Defendants, EAST AURORA POLICE DEPARTMENT, EAST AURORA POLICE CHIEF

RONALD KROWKA, Individually and in his Official capacity, and EAST AURORA POLICE

OFFICER ROBERT BRAEUNER, Individually and in his Official capacity, demand that

Plaintiffs, RAYMOND WIERZBIC, BERNICE WIERZBIC, BRIAN WIERZBIC and ANGELENE WIERZBIC, answer the following First Set of Interrogatories, under oath, separately and fully in writing, and in accordance with the following definitions and instructions, within thirty (30) days.

## INSTRUCTIONS

(a)     Each request is to be responded to pursuant to the Federal Rules of Civil Procedure. Each interrogatory is to be answered separately and fully, in writing and under oath. Each document shall be produced as it is kept in the usual course of business or organized and labeled to correspond with the categories in the request.

(b)     To the extent that the precise and complete information called for by an interrogatory cannot be furnished, such information as is available shall be supplied, together with estimates, approximations or computations.    When an estimate, approximation or computation is given, the method employed shall be described.

(c)     If any or all documents identified herein are not longer in your possession, custody or control because of destruction, loss, or any other reason, then do the following with respect to each and every such document:  (i) describe the nature of the document (e.g., letter or memorandum); (ii) state in as much detail as possible the contents of the document; and (iii) state the manner and date of disposition of the document.

(d)     If any privilege is asserted in response to any request, then as to each request, describe the precise nature of the information asserted to be privileged and the precise nature of the privilege on which relied.

(e)     If you contend that you are entitled to withhold from production any or all documents identified herein on the basis of the attorney-client privilege, the work-product doctrine, or other ground, then do the following with respect to each and every document; (i) describe the nature of the document (e.g., letter or memorandum); (ii) state the date of the document; (iii) identify the persons who sent and received the original and copies of the document; (iv) state the subject matter of the document; and (vi) state the basis upon which you content you are entitled to withhold the document from production.

(f)     When a request requires you to "state the basis" of a particular claim, contention, or allegation, state in your answer the identity of each and every communication, fact, document, and each and every legal theory that you think supports, refers to, or evidences such claim, contention, or allegation.

(g)     Each request is continuing and requires that it be reasonably supplemented or amended, or both, from time to time as provided in Rule 26(3) of the FRCP, after any additional information or document becomes available, or if the facts in respect of any request should change.

(h)     If you specify documents in response to any interrogatory pursuant to Rule 33 of the FRCP, such specification shall be in sufficient detail to permit defendant to locate and identify the records from which the answers may be ascertained.

## DEFINITIONS

(a)     "Communication" means any oral expression, statement, dialogue, colloquy, discussion or conversation and also means any expression or transfer of thoughts or ideas

between any persons made by means of writing or by documents or in any tangible manner and includes any transfer of data from one location to another by electronic or other means.

(b)    "Date" means the exact day, month and year if ascertainable, or, if not, a description of the temporal relationship of the occurrence for which the date is sought to the closest dates which are ascertainable (e.g., "within a week after the April 30 meeting").

(c)    "Discussion" means oral communication or non-verbal conduct intended as communication.

(d)    "Document" or "documents" refers to all written, printed, typed or other graphic material; all mechanical and electronic sound records or transcripts thereof; all punch cards, magnetic tapes, discs, data cells, or any other electronic devices; and all print-outs and run-offs now, or at any time in your possession, custody or control, or known to you, whether or not prepared by you. "Document" or "documents" include, but is not limited to, all agreements, memoranda, reports, notes, diaries, calendars, telephone bills, internal communications, interoffice communications, telegrams, letters, data books, manuals, directives, bulletins, accounts, travel and expense accounts, reports, vouchers, invoices, bills, ledgers, financial statements, forecasts, schedules, appraisals, surveys, calculations, statistical statements, analyses, reports, estimates, maps, charts, drawings, worksheets, minutes and summaries of meetings, conversations or communications of any type, including telephone conversations. "Document" or "documents" shall, in addition to the foregoing, have the meanings stated in Rule 34(a) of the Federal Rules of Civil Procedure.

(e)    As used herein, "identify" shall mean the following:

1.      When used with reference to a person who is a natural person, "identify" means to state the full name of such person, along with his present or last known address, his past and present positions, the occupation or business, employer and position of such person. With respect to any particular person, the information other than the full name need be given only once.

2.      When used with reference to a corporation, partnership, association, joint venture, firm or other business or legal enterprise, "identify" means to state the full name and address or the principal place of business.

3.      When used with reference to a document, "identify" means to set forth (a) the date, (b) the type of document (i.e., letter, memorandum, drawing, etc.), (c) the authors, addresses, recipients, (d) the title and file or identifying number, (e) the present location and custodian of the document, and (f) the substance thereof; or, alternatively, to annex to and incorporate by reference any answers to these interrogatories any true and correct copies thereof. If any such document is no longer under your control, state what disposition has been made of it, by whom, and the date thereof.

4.      When used with reference to a communication: (a) if a communication is oral, "identify" means to state (i) the substance thereof, (ii) the identity of the persons between or among whom the communication was made, (iii) the identity of each person present when it was made, and (iv) the date when it was made; and (b) if the communication is written, identify it as a document by the procedure indicated in the preceding paragraph subsection (3).

(f)    "Plaintiffs" means RAYMOND WIERZBIC, BERNICE WIERZBIC, BRIAN WIERZBIC and ANGELENE WIERZBIC,, the Plaintiffs in this action, and includes all agents and all other persons acting or purporting to act on Plaintiffs' behalf.

(g)    "Person" means and includes natural persons, corporations, partnerships, associations, joint ventures, proprietorships, and all other entities and forms of organization and association.

(h)    "Relate" and "relating" mean constituting, comprising, setting forth, showing, disclosing, reflecting, describing, explaining, summarizing, concerning or referring, directly or indirectly, in any manner.

(i)    "Specify each occasion" means to set forth separately for <u>each</u> such occasion (i) the date, time and place of such occasion, (ii) a description of such occasion, and (iii) identify the persons involved in or who witnessed such occasion.

(j)    "Defendants" means EAST AURORA POLICE DEPARTMENT, EAST AURORA POLICE CHIEF RONALD KROWKA, Individually and in his Official capacity, and EAST AURORA POLICE OFFICER ROBERT BRAEUNER, Individually and in his Official capacity, and all other persons acting or purporting to act on behalf of the said Defendants herein.

(k)    Any reference to any contract or agreement includes all amendments to or modifications thereof.

(l)    Words in the masculine gender include the feminine gender and the neuter gender.

(m)     "Or" as well as "and" should be construed either disjunctively or conjunctively as necessary to bring within the scope of the interrogatory all information which might otherwise be construed to be outside its scope.

## INTERROGATORIES

**INTERROGATORY NO. 1:**          State Plaintiffs' full name, address, and telephone number.

**INTERROGATORY NO. 2:**          Have any documents been used or referred to in connection with the preparation of answers to these interrogatories?  If so, for each document referred to, state the following:

A.     The number of the question and its subpart;

B.     The identity and title of the document;

C.     The name and location of the file in which the document was found;

D.     The name and location of the file in which the document is presently located; and

E.     The originator of the document.

**INTERROGATORY NO. 3:**          State the names of each person who was spoken to or who provided information to assist in answering these interrogatories, and for each such person state the following:

A.     The number of each question and its subpart for which such person provided information;

B.     State the name, address, employer, and title of such person; and

C.     The information provided by such person.

**INTERROGATORY NO. 4:**       Identify     all     employment,     including     self-employment, held by Plaintiffs from the date of the incident set forth in the Complaint to the present date.  For each, state the following:

      A.     Name and address of employer;

      B.     Description of employer's business;

      C.     Plaintiffs' title and job duties;

      D.     Plaintiffs' beginning date of employment;

      E.     Plaintiffs' ending date of employment; and

      F.     Whether Plaintiffs will claim any lost wages and, if so, specify and quantify the lost wages alleged, as well as any alleged future loss of earning capacity.

**INTERROGATORY NO. 5:**

      A.     Is there any person whom Plaintiffs expect to call as an expert witness at trial?

      B.     If yes, state the following as to each expert witness:

           i)     Name, profession or occupation, and address;

           ii)    Current employer;

           iii)   Educational background;

           iv)   Subject matter on which said expert is expected to testify;

           v)    Experience in the subject area;

           vi)   Relationship to the Plaintiffs in this action if any;

           vii)  The substance of the facts and opinions to which said expert is expected to testify;

           viii)  A summary of the grounds for each opinion; and

      ix)     A complete bibliography of books, treatises, articles and other works which the expert regard as authoritative on the subject upon which said expert is expected to testify.

      C.     Have Plaintiffs retained or specially employed any person relating to the alleged occurrence in anticipation of litigation or for trial preparation purposes whom Plaintiffs do not expect to call as an expert witness at the time of trial?

      D.     If yes, state with reference to each person:

         i)     Name, profession or occupation, and address;

         ii)     Current employer; and

         iii)     Purpose for which the person has been employed.

**INTERROGATORY NO. 6:**     Identify all witnesses who can testify in support of or concerning any of the factual allegations contained in the Complaint and, with respect to each witness, specify the factual allegation or allegations about which the witness can testify.

**INTERROGATORY NO. 7:**     Identify all documents which support or concern the factual allegations contained in the Complaint and, with respect to each document identified, specify the factual allegation or allegations which it supports or concerns.

**INTERROGATORY NO. 8:**     If Plaintiffs have obtained any statements from any individual on the subject matter of this action, identify the individual and state the date on which any statement was obtained.

**INTERROGATORY NO. 9:**     Set forth each and every element of Plaintiffs' claims for damages and explain how each amount was calculated and its basis.

**INTERROGATORY NO. 10:**      If any injury alleged in the Complaint necessitated any treatment by physicians, psychologists or other professionals or resulted in confinement to a hospital or other health care facility, for each and every injury or confinement,

    A.    Identify the injury;

    B.    Identify the treating professional or heath care institution; and

    C.    Identify the dates and nature of such treatment or confinement.

**INTERROGATORY NO. 11:**      State the name and address of each and every health care provider from whom Plaintiffs received medical, psychiatric, psychological or other diagnosis, treatment, or consultation within the past 10 years, and for each such provider:

    A.    Provide a summary of the reasons why Plaintiffs sought care and the dates on which care was sought; and

    B.    Execute and provide authorizations for release of Plaintiffs' medical records from each provider identified in Interrogatories Nos. 20 and 21.

**INTERROGATORY NO. 12:**      Identify all notes, diaries, calendars, and all records kept by Plaintiffs as a result of the incident alleged the Complaint.

**INTERROGATORY NO. 13:**      Set forth each and every basis for alleging how the East Aurora defendants violated 42 U.S.C. §1983 by engaging in excessive force, malicious prosecution, conspiracy, false arrest, assault, battery and intentional infliction of emotional distress as alleged in paragraph 15 of the Plaintiffs' Complaint.

**INTERROGATORY NO. 14:**      Set forth each and every basis for alleging Defendant East Aurora Police Department was negligent in hiring, retention, training and/or supervison of its officers, as alleged in paragraph 15 of the Plaintiffs' Complaint.

**INTERROGATORY NO. 15:**     Set forth how plaintiffs' claim that defendant East Aurora Police Department is an entity that may be sued in this matter and how the plaintiffs obtained jurisdiction over said defendant.

**INTERROGATORY NO. 16:**     Set forth each and every basis for alleging Defendant ROBERT BRAEUNER arrested the plaintiffs, assaulted the plaintiffs and/or engaged in excessive force against the Plaintiffs as set forth in the Plaintiffs' Complaint.

**INTERROGATORY NO. 17:**     Describe the outrageous conduct that Defendant ROBERT BRAEUNER is alleged to have engaged in as set forth in paragraph 35 of the Plaintiffs' Complaint.

**INTERROGATORY NO. 18:**     Set forth each and every claim of negligence and gross negligence, and malicious conduct as alleged in paragraphs 43, 44, and 45 of plaintiff's complaint that is alleged to have been conducted by Defendant Ronald Krowka.

**INTERROGATORY NO. 19:**     Set forth each and every basis for alleging conspiracy against the East Aurora Defendants as alleged in paragraph s 46 and 47 of the Plaintiffs' Complaint.

**INTERROGATORY NO. 20:**     Set forth each and every other basis for alleging Defendants violated Plaintiffs' rights as protected under 42 U.S.C. §1983 as set forth in Plaintiffs' Complaint.

YOU ARE UNDER A CONTINUING DUTY to supplement your answers to these Interrogatories pursuant to the Federal Rules of Civil Procedure.

DATED:     Buffalo, New York
           August 28, 2014

GOLDBERG SEGALLA LLP

By: _____
       Julie P. Apter, Esq.

*Attorneys for Defendants, EAST AURORA POLICE
DEPARTMENT, EAST AURORA POLICE CHIEF
RONALD KROWKA and EAST AURORA POLICE
OFFICER ROBERT BRAEUNER*
665 Main Street, Suite 400
Buffalo, New York 14203
Tel: (716) 566-5400


TO:   PAUL E. FALLON, ESQ.
      *Attorney for Plaintiffs*
      57 High Park Blvd.
      Amherst, New York 14226
      Tel: (716) 830-2931


CC:   MICHAEL A. SIRAGUSA, ESQ.
      ERIE COUNTY ATTORNEY
      Jeremy C. Toth, Esq.
      Second Assistant Erie County Attorney, of Counsel
      *Attorney for Co-Defendants COUNTY OF ERIE
      ERIE COUNTY SHERIFF'S DEPARTMENT,
      ERIE COUNTY SHERIFF TIMOTHY HOWARD,
      DEPUTY ERIE COUNTY SHERIFF MICHAEL HOOCK,
      DEPUTY ERIE COUNTY SHERIFF JASON WEISS,
      DEPUTY ERIE COUNTY SHERIFF THOMAS WAS, and
      DEPUTY ERIE COUNTY SHERIFF JAMES FLOWERS*
      95 Franklin Street, Room 1634
      Buffalo, New York 14202
      Tel: (716) 858-2204


3102395v1