# EXHIBIT B

UNITED STATES DISTRICE COURT
WESTERN DISTRICT OF NEW YORK

RAYMOND WIERZBIC, BERNICE WIERZBIC,
BRIAN WIERZBIC, and ANGELENE WIERZBIC,

1:13-cv-00978-WMS-LGF

Plaintiffs,

vs.

**ANSWERS TO FIRST SET OF INTERROGATORIES**

COUNTY OF ERIE, et al,

Defendants.

---

Plaintiffs, Raymond Wierzbic, Bernice Wierzbic, Brian Wierzbic and Angeleine Wierzbic, by their attorney, Paul E. Fallon, answers the first set of interrogatories of the Defendants, East Aurora Police Department, et al, as follows:

1. Plaintiffs' full names are Raymond Wierzbic, Jr., Bernice Ruth Wierzbic, Bian Andrew Wiezbic, and Angelene Ruth Wierzbic. Their address is 5734 Burton Road, Orchard Park NY 14127.

2. Plaintiffs have used no documents to prepare these answers.

3. Plaintiffs have spoken to no person other than their attorney in preparing these answers.

4. A.) Plaintiffs Raymond, Bernice and Brian have been self employed since the time of the incident. Their business address is 5734 Burton Rd., Orchard Park NY 14127. Plaintiff Angelene Wiezbic is employed by Lawler & Witkowski, CPAs PC at 2250 Wehrle Drive, Williamsville NY 14221 and she also works on the family farm. B) Plaintiffs Raymond, Bernice and Brian and Plaintiff are farmers and Angelene is an accountant and also engaged in the farming business with her family. C.) Plaintiffs Raymond, Bernice and Brian are engaged in the business of vegetable farming and equipment repair. Plaintiffs job title is farmer and they are engaged in all aspects of the farming business from tilling the land, planting the

seed, weeding and watering the crops, harvesting the crops and selling the crops. They also works on his own farm equipment and the equipment of others. Angelene works as an accountant doing accounting services for individuals and businesses at the direction of her employer as well as assisting in the farming duties mentioned above. D.) Raymond, Bernice and Brian have been farmers since prior to the incident and continue to be a farmers to the present. Angelene has been an accountant and farmer since prior to the incident and continues to work as an accountant and farmer. E.) Plaintiffs are not claiming lost wages.

5. Plaintiffs have not yet identified an expert witness.

6. In addition to the defendants the Plaintiffs know of the following witnesses: Brian Greeson, who will testify about the events he witnessed at the scene of the incident, including but not limited to the treatment of the Plaintiffs at the time of their arrest. Upon information and belief there are other witnesses to the incident whose identity is not yet known to the Plaintiffs.

7. The documents that support Plaintiff's claim are contained in the documents that make up the legal proceedings against the Plaintiffs. Additionally, there is a operations manual of the Erie County Sheriff's Office regarding civil procedure that show that the incident was in violation the procedures outlined therein. The Defendants are already in possession of these documents.

8. Plaintiffs have not obtained statements of any individuals other than those contained in the criminal case brought against them.

9. Plaintiff Raynond Wierzbic claims for damages for violations of 42 U.S.C. 1983 of 42 U.S.C., excessive force, malicious prosecution, refusing or neglecting to prevent, and conspiracy and violations of New York State law for false arrest, false imprisonment, assault, battery, Intentional infliction of emotional distress, negligent

hiring and retention, and negligent training and supervision. The Defendants as State actors who are generally a government, its officials and employees and they misused their power, as such, possessed by virtue of state law and made possible only because the Defendants were clothed with the authority of state law used excessive force entitling him to be awarded compensatory and punitive damages. Compensatory damages for physical pain and suffering in that defendant was subjected to a severe beating inflicted by several police personnel punching, kicking, attacking, choking, pepper spraying, water boarding, failure to provide medical care, arrest without probable cause and charging him with baseless violations of the law, incarcerating him against his will for two days under conditions that were barbaric, maliciously prosecuting him on said baseless charge, failing to terminate the actions of some of the defendants when it was clear of the misguided and malicious nature of plaintiff's arrest, conspiring to deprive Plaintiff of his rights, assaulting him, battering him, intentionally inflicting emotional distress, hiring and retaining personnel not suitably qualified for their employment and retaining such personnel when their lack of qualifications were known and failure to properly train and supervise all directly resulting in damaging Plaintiff causing him injury in the amount of $5,000,000 for pain and suffering, $5,000,000 for emotional pain and suffering, and $5,000,000 disability/loss of normal life and $1,000,000 for the diminution in his ability to earn a living. The defendants actions were all either intentional or committed with reckless or callous disregard for the plaintiff's rights. Punitive damages in the amount of $20,000,000 due to the reckless, callous disregard for and indifference to the rights and safety of the Plaintiff.

Plaintiff Bernice Wierzbic claims for damages for violations of 42 U.S.C. 1983 of 42 U.S.C., excessive force, malicious prosecution, refusing or neglecting to prevent, and conspiracy and violations of New York State law for false arrest, false imprisonment, assault, battery, Intentional infliction of emotional distress, negligent hiring and retention, and negligent training and supervision. The Defendants as State actors who are generally a government, its officials and employees and they misused their power, as such, possessed by virtue of state law and made possible only because the Defendants were clothed with the authority of state law used excessive force entitling her to be awarded compensatory and punitive damages. Compensatory damages for physical pain and suffering in that defendant was subjected roughly taking her into custody causing her injury and arrest her without probable cause and charging her with baseless violations of the law, incarcerating her against her will for two days under conditions that were barbaric, maliciously prosecuting her on said baseless charge, failing to terminate the actions of some of the defendants when it was clear of the misguided and malicious nature of plaintiff's arrest, conspiring to deprive Plaintiff of her rights, assaulting her, battering her, intentionally inflicting emotional distress, hiring and retaining personnel not suitably qualified for their employment and retaining such personnel when their lack of qualifications were known and failure to properly train and supervise all directly resulting in damaging Plaintiff causing her injury in the amount of $1,000,000 for pain and suffering, $5,000,000 for emotional pain and suffering, and $5,000,000 disability/loss of normal life and $1,000,000 for the diminution in her ability to earn a living. The defendants actions were all either intentional or committed with reckless or callous disregard for the plaintiff's rights. Punitive damages in the amount of $20,000,000 due to the reckless, callous disregard for and indifference to the rights and safety of the Plaintiff.

Plaintiff Brian Wierzbic claims for damages for violations of 42 U.S.C. 1983 of 42 U.S.C., excessive force, malicious prosecution, refusing or neglecting to prevent, and conspiracy and

violations of New York State law for false arrest, false imprisonment, assault, battery, Intentional infliction of emotional distress, negligent hiring and retention, and negligent training and supervision. The Defendants as State actors who are generally a government, its officials and employees and they misused their power, as such, possessed by virtue of state law and made possible only because the Defendants were clothed with the authority of state law used excessive force entitling him to be awarded compensatory and punitive damages. Compensatory damages for physical pain and suffering in that defendant was subjected to beating inflicted by police personnel punching, kicking, attacking, choking, arrest without probable cause and charging him with baseless violations of the law, incarcerating him against his will for two days under conditions that were barbaric, maliciously prosecuting him on said baseless charge, failing to terminate the actions of some of the defendants when it was clear of the misguided and malicious nature of plaintiff's arrest, conspiring to deprive Plaintiff of his rights, assaulting him, battering him, intentionally inflicting emotional distress, hiring and retaining personnel not suitably qualified for their employment and retaining such personnel when their lack of qualifications were known and failure to properly train and supervise all directly resulting in damaging Plaintiff causing him injury in the amount of $2,000,000 for pain and suffering, $5,000,000 for emotional pain and suffering, and $5,000,000 disability/loss of normal life and $1,000,000 for the diminution in his ability to earn a living. The defendants actions were all either intentional or committed with reckless or callous disregard for the plaintiff's rights. Punitive damages in the amount of $20,000,000 due to the reckless, callous disregard for and indifference to the rights and safety of the Plaintiff.

Plaintiff Angelene Wierzbic claims for damages for intentional infliction of emotional distress. The Defendants as State actors who are generally a government, its officials and employees and they misused their power, as such, possessed by virtue of state law and made possible only because the Defendants were clothed with the authority of state law used excessive force against her

immediate family causing her severe emotional distress entitling her to be awarded compensatory and punitive damages. Compensatory damages for intentionally inflicting emotional distress, hiring and retaining personnel not suitably qualified for their employment and retaining such personnel when their lack of qualifications were known and failure to properly train and supervise all directly resulting in damaging Plaintiff causing her injury in the amount of $2,000,000 for emotional pain and suffering, and $2,000,000 disability/loss of normal life and $1,000,000 for the diminution in his ability to earn a living. The defendants actions were all either intentional or committed with reckless or callous disregard for the plaintiff's rights. Punitive damages in the amount of $20,000,000 due to the reckless, callous disregard for and indifference to the rights and safety of the Plaintiff.

10. Plaintiff Raymond was the only Plaintiff injured that required medical treatment. A.) His injuries included cuts, abrasions, eye damage and severe mental distress. B.) Raymond was treated at Erie County Medical Center. C.) Raymond was treated at ECMC on July 2, 2012.

11. Plaintiff Raymond Wierzbic's medical treatment for injuries was rendered by Dr. Josey Sisson, Chestnut Ridge Family Practice, 3045 Southwestern Blvd., Orchard Park, NY 14127, and Dr. Jeffrey Calhoun, Advanced Eye Care, 6622 Main Street, Williamsville, NY 14221.

12. Plaintiff has no notes, diaries, calendars or other records created as a result of the incident.

13. The East Aurora Police engaged in excessive force in participating in the unjust arrest of Plaintiffs Raymond, Bernice and Brian thereby depriving them of the rights, privileges and immunities secured them by the U.S. Constitution and the laws of the State of New York by the assault and battery of the Plaintiffs during their unjust arrest, participating in the malicious prosecution of the the Plaintiffs

without just cause, acting in concert with other police personnel to perpetuate the false charges against the Plaintiffs, participating in the arrest of the Plaintiffs with out just or probable cause and without any investigation of the validity of their actions, participating in the assault of the Plaintiffs including the beating of Raymond and Brian, the forcible detainment of involving physical harm to Bernice, the unlawful touching of all Plaintiffs and doing so in an intentional manner knowing or should have knowing that such conduct would cause severe emotional distress to the Plaintiffs.

14. The East Aurora Police were negligent in hiring, retention, training and supervision of the officers involved in that such officers participating in the incident knew or should have know that such actions were without probable cause which proper hiring, retention, training and supervision would have or should have prevented.

15. Upon information and belief the East Aurora Police Department is an entity that can be sued pursuant to 42 USC 1983 and were served with a summons and complaint in this action.

16. Defendant Robert Braeuner outrageous conduct consisted of his brutal attack on Plainitff Raymond Wierzbic, punching, kicking, attacking, choking, pepper spraying, water boarding, failure to provide medical care, arrest without probable cause and charging him with baseless violations of the law, incarcerating him against his will for two days under conditions that were barbaric, maliciously prosecuting him on said baseless charge, failing to terminate the actions of some of the defendants when it was clear of the misguided and malicious nature of plaintiff's arrest, conspiring to deprive Plaintiff of his rights, assaulting him, battering him, intentionally inflicting emotional distress.

17. Defendant Robert Braeuner outrageous conduct consisted of his brutal attack on Plainitff Raymond Wierzbic, punching, kicking, attacking, choking, pepper spraying, water boarding, failure to provide medical care, arrest without probable cause and charging him with baseless violations of the law, incarcerating him against his will for two days under conditions that were barbaric, maliciously prosecuting him on said baseless charge, failing to terminate the actions of some of the defendants when it was clear of the misguided and malicious nature of plaintiff's arrest, conspiring to deprive Plaintiff of his rights, assaulting him, battering him, intentionally inflicting emotional distress.

18. Upon information and belief Defendant Ronald Krowka was negligent, grossly negligent and malicious in that he heads the department charged with serving and protecting the citizens of the Town of Aurora and said department received a request for assistance from and on behalf of the Plaintiffs and Defendant Krowka individaul and through his department and personnel neglected, grossly neglected and malicious failed to perform his duties and thereafter continued to neglect, grossly neglect and maliciously participate in the denial of the Plaintiffs' rights as set out in paragraphs 43, 44 and 45 of Plaintiffs' complaint

19. East Aurora Police Department knowingly participated in the denial of the Plaintiffs rights and in concert with the other defendants coordinated and acted in concert of this purpose.

20. Plaintiff's civil rights were violated as stated in the complaint and reiterated herein.

DATED:       Buffalo, New York
             June 18, 2014

                                            _____
                                            Paul E. Fallon, Esq.
                                            Attorney for Plaintiffs
                                            57 High Park Blvd.
                                            Amherst, New York 14226
                                            (716) 830-2931

# VERIFICATIONS

STATE OF NEW YORK    )
COUNTY OF ERIE       ) ss:

Raymond Wierzbic, being duly sworn, deposes and says:

That deponent is a plaintiff in the within action; that deponent has read the foregoing Answers to Initial Interrogatories and knows the contents thereof; that the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters deponent they believe it to be true.

_____
Raymond Wierzbic

Sworn to before me this 30th
day of March, 2015.

_____
Notary Public

Paul E. Fallon
Notary Public, State of New York
No. 01FA4872442
Qualified in Erie County
Commission Expires 9/29/2018

STATE OF NEW YORK    )
COUNTY OF ERIE       ) ss:

Bernice Wierzbic, being duly sworn, deposes and says:

That deponent is a plaintiff in the within action; that deponent has read the foregoing Answers to Initial Interrogatories and knows the contents thereof; that the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters deponent they believe it to be true.

_____
Bernice Wierzbic

Sworn to before me this 30th
day of March, 2015.

_____
Notary Public

Paul E. Fallon
Notary Public, State of New York
No. 01FA4872442
Qualified in Erie County
Commission Expires 9/29/2018

STATE OF NEW YORK     )
COUNTY OF ERIE        ) ss:

Brian Wierzbic, being duly sworn, deposes and says:

That deponent is a plaintiff in the within action; that deponent has read the foregoing Answers to Initial Interrogatories and knows the contents thereof; that the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters deponent they believe it to be true.

_____
Brian Wierzbic

Sworn to before me this 30th
day of March, 2015.

_____
Notary Public

Paul E. Fallon
Notary Public, State of New York
No. 01FA4872442
Qualified in Erie County
Commission Expires 9/29/2018

STATE OF NEW YORK     )
COUNTY OF ERIE        ) ss:

Angelene Wierzbic, being duly sworn, deposes and says:

That deponent is a plaintiff in the within action; that deponent has read the foregoing Answers to Initial Interrogatories and knows the contents thereof; that the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters deponent they believe it to be true.

_____
Angelene Wierzbic

Sworn to before me this 30th
day of March, 2015.

_____
Notary Public

Paul E. Fallon
Notary Public, State of New York
No. 01FA4872442
Qualified in Erie County
Commission Expires 9/29/2018