UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

RAYMOND WIERZBIC, BERNICE WIERZBIC,
BRIAN WIERZBIC, AND ANGELENE WIERZBIC,

                                   Plaintiffs,

v.                                                 Case Number: 1:13-CV-00978-WMS-LGF

COUNTY OF ERIE,
ERIE COUNTY SHERIFF'S DEPARTMENT,
ERIE COUNTY SHERIFF, TIMOTHY HOWARD,
Individually and in his official capacity,
DEPUTY ERIE COUNTY SHERIFF MICHAEL HOOCK,
Individually and in his official capacity,
DEPUTY ERIE COUNTY SHERIFF JASON WEISS,
Individually and in his official capacity,
DEPUTY ERIE COUNTY SHERIFF THOMAS WAS,
Individually and in his official capacity,
DEPUTY ERIE COUNTY SHERIFF JAMES FLOWERS
Individually and in his official capacity,
TOWN OF AURORA,
EAST AURORA POLICE DEPARTMENT,
EAST ARUORA POLICE CHIEF RONALD KROWKA,
Individually and in his official capacity,
EAST AURORA POLICE OFFICER ROBERT BRAEUNER,
Individually and in his official capacity,

                                   Defendants.

---

**MEMORANDUM OF LAW IN OPPOSITION
TO THE PLAINTIFFS'
MOTION FOR SUMMARY JUDGMENT**

## I. PRELIMINARY STATEMENT

The Defendants, COUNTY OF ERIE (hereinafter "Erie County"), ERIE COUNTY SHERIFF'S DEPARTMENT (hereinafter "Sheriff's Department"), ERIE COUNTY SHERIFF, TIMOTHY HOWARD (hereinafter "Sheriff Howard"), individually and in his official capacity, DEPUTY ERIE COUNTY SHERIFF MICHAEL HOOCK, individually and in his official capacity, DEPUTY ERIE COUNTY SHERIFF JASON WEISS, individually and in his official capacity, DEPUTY ERIE COUNTY SHERIFF THOMAS WAS, individually and in his official capacity, and DEPUTY ERIE COUNTY SHERIFF JAMES FLOWERS, individually and in his official capacity (collectively the "County Defendants"), submit this Memorandum of Law in opposition to the Plaintiffs' motion seeking summary judgment against the Defendants for trespass.

## II. STATEMENT OF FACTS

The facts and circumstances of this action are more fully set forth in the County Defendants' Statement of Facts submitted with their original moving papers and the same is hereby incorporated by reference. This action arises out of an incident that took place on July 2, 2012 at 49 Willis Road. Deputy Michael Hoock arrived at 49 Willis Road to serve a Subpoena and Restraining Notice upon Raymond Wierzbic. The Plaintiffs refused to identify Raymond Wierzbic. They became agitated and hostile. The Plaintiffs refused to follow Deputy Hoock's directions, an altercation ensued, and the Plaintiffs were arrested.

The Plaintiffs bring this lawsuit alleging the following claims: Federal claims pursuant to 42 U.S.C. 1983 for 1) excessive force; 2) malicious prosecution; 3) refusing to prevent [presumably use of force]; 4) conspiracy; 5) violation of 1st Amendment rights; 6) violation of 5th Amendment rights; and State claims for 1) false arrest; 2) false imprisonment; 3) assault; 4)

2

battery; 5) intentional infliction of emotional distress; 6) negligent hiring and retention; 7) negligent training and supervision. A copy of the Complaint was attached to the original moving papers of the County Defendants and is incorporated herein by reference.

Noticeably absent from the abovementioned claims is any allegation or claim of trespass. Notwithstanding the Plaintiffs' complete failure to plead a trespass cause of action, it is the sole basis for the instant motion. The Court should deny the Plaintiffs' motion for summary judgment on the claim of trespass as it was not pleaded in the Complaint nor any subsequent pleading and therefore cannot be pursued as a valid cause of action by the Plaintiffs. Notwithstanding the failure to properly plead the claim, the motion should be dismissed on the merits. Furthermore, Plaintiffs fail to distinguish which of the defendants allegedly committed the trespass, making award of summary judgment impossible.

### III. ARGUMENT

#### A. Summary Judgment Standard

As articulated by this Court, summary judgment may not be granted unless "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law. *Persad v. Savage*, 2004 WL 1570286, at *2 (W.D.N.Y. May 25, 2004), *report and recommendation adopted*, 2004 WL 1858140 (W.D.N.Y. Aug. 19, 2004); Fed. R. Civ. P. 56(c). The party who is seeking summary judgment bears the burden of establishing that the evidence presented creates no genuine issue of fact. *Amaker v. Foley*, 274 F.3d 677 (2d Cir. 2001).

3

Motions for summary judgment should be decided on the claims as pleaded, not as alleged in the motion papers. *N. Shipping Funds I, L.L.C. v. Icon Capital Corp.*, 998 F. Supp. 2d 301, 326 (S.D.N.Y. 2014). "A party is not…entitled to raise a claim at summary judgment that was not pleaded." Fed. R. Civ. P. 56(a); *Vetromile v. JPI Partners, LLC*, 706 F.Supp.2d 442, 456 (S.D.N.Y. 2010).

In determining whether that burden has been met, the court is required to resolve all ambiguities and credit all factual inferences that could be drawn in favor of the party against whom summary judgment is sought. *Am. Home Assur. Co. v. Hapag Lloyd Container Linie, GmbH*, 446 F.3d 313, 315 (2d Cir. 2006). "[I]f there is any evidence in the record that could reasonably support a jury's verdict for the non-moving party," summary judgment must be denied. *Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 286 (2d Cir. 2002).

### B. <u>Plaintiffs failed to state a claim for trespass.</u>

Plaintiffs asserted many causes of action in their Complaint and further detailed those claims in their responses to the East Aurora Defendants' Interrogatories. (*See Complaint, Docket No. 1 and Plaintiff's Responses to the EA Defendants' Interrogatories attached to the Counter Statement of Facts as Exhibit A*) Nowhere in either of those documents, nor in any other pleading have the Plaintiffs stated a claim for trespass.

Although trespass is a state claim and must be proven by New York State standards, because this case was brought in Federal Court, the Federal pleadings requirements must be met.

The basic rules governing pleading require that statements in a pleading shall be sufficiently particular to give the court and party's notice of the transactions, occurrences, or series of occurrences intended to be proved and the material elements of each cause of action or

4

defense. *Fed. R. Civ. P. 8(a)*. Although an intrinsically detailed factual allegation may not be necessary, the pleading must still present enough information to allow the defendants' fair notice of a complainant's claims and the grounds for them. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 319 (2007). The pleadings in this matter do not state a cause of action for trespass. In fact, the responsive documents do the opposite. In the very detailed, four and a half page response to the East Aurora Defendants' Interrogatories wherein plaintiff sets forth the claims on behalf of each plaintiff, trespass is not once mentioned. *(See Exhibits A and B)*. The Defendants were entitled to rely on the Complaint and the Interrogatories to determine what claims the Plaintiffs were asserting. Accordingly, having failed to properly plead a cause of action for trespass at any time prior to the close of discovery, the Plaintiffs are now barred from bringing such a claim.

The Plaintiffs' Complaint is similarly insufficient under New York State pleading requirements. A pleading must allege the cause of action recognized by the law and on which it offers relief, and generally include a claim for relief. CPLR § 3017(a). A complaint must contain statements which are sufficiently particular to notify the court and opposing parties of the material element of each cause of action alleged. *Id.* The fundamental purpose of pleading requirements is that each party is put on sufficient notice of the facts alleged and the claims asserted. Failure to comply with the minimum requirements of CPLR § 3013 warrants dismissal. *See Gray v. Rochester Gas & Elec. Corp.*, 97 A.D.2d 975, 976 (4th Dep't 1983); *see also Taylor by Taylor v. Sefcheck*, 96 A.D.2d 1144 (4th Dep't 1983); *Shapolsky v. Shapolsky*, 22 A.D.2d 91, 92 (1st Dep't 1964).

Summary judgment cannot be granted based on a claim that is not sufficiently alleged in the complaint. *See Dorsey v. Yantambwe*, 276 A.D.2d 108, 112 (4th Dep't 2000); *see also*

*Encarnacion v. Manhattan Powell L.P.*, 258 A.D.2d 339, 685 N.Y.S.2d 227 (1st Dep't 1999). Here, a review of the Complaint reveals that neither the elements of nor the facts supporting a potential trespass cause of action were alleged. *(Complaint Docket No. 1)*

No matter whether the Federal or State pleading standard is used, the pleadings and interrogatories in this action failed completely to put any of the Defendants on notice of a claim for civil trespass.

Notably, the Plaintiffs' Answers to the Defendant East Aurora's First Set of Interrogatories makes it apparent that the Plaintiffs did *not* assert a claim for trespass. *(Interrogatories and Responses, Exhibits A and B).* Interrogatory No. 9 requests that the Plaintiff's "set forth each and every element of Plaintiffs' claims for damages and explain how each amount was calculated and its basis." *(Exhibit A).* In response, the Plaintiffs extensively detail each cause of action. *(Exhibit B).* Nowhere in the responses is trespass mentioned. Nowhere in the responses are damages from a trespass alleged.

Now, years later and after discovery is complete, the Plaintiffs move for summary judgment on a claim never before raised, precluding the Defendants' opportunity defend the claim throughout the discovery process. The Defendants' would be unduly prejudiced if the Plaintiffs are allowed to raise this cause of action after failing to properly assert it throughout the discovery process. The Defendants did not have an opportunity to assert affirmative defenses nor conduct discovery relative to the claim of civil trespass.

As noted above, motions for summary judgment should be decided on the claims as pleaded, not as alleged in the motion papers. *N. Shipping Funds I, L.L.C.*, 998 F. Supp. 2d at 326. Therefore, the Plaintiff's motion should be denied.

### C. The Plaintiffs' motion for summary judgment is otherwise procedurally deficient

As stated in the Plaintiffs' memorandum of law, an unauthorized entry upon the land of another constitutes trespass. *Rager v. McCloskey*, 305 N.Y. 75, 79 (1953). Inherent in the elements of the claim for civil trespass is that the individual bringing such an action maintains a property right in the land that has been trespassed upon. *Id.* Therefore, the Plaintiff bears the burden of eliminating all questions of fact regarding the Plaintiffs' interest in the property in question included in its motion for summary judgment. *See Fed. R. Civ. P. 56.*

Here, the Plaintiffs' motion assumes the Court should simply take notice of the fact that the property in question must have belonged to the Plaintiffs. There is no admissible evidence annexed to the motion for summary judgment which establishes any right in the property in question. Regardless of the veracity of that assertion, the Plaintiffs fail to support the motion for summary judgment as is required, and therefore the motion must be dismissed in its entirety.

### D. The Plaintiffs' have not established entitlement to summary judgment for a trespass claim.

Even if this Court was inclined to overlook the aforementioned pleading and notice deficiencies, the Plaintiffs' motion must still be denied on the merits.

"Trespass is characterized by one's intentional entry, with neither permission nor legal justification, upon the real property of another." *Castanza v. Town of Brookhaven, et. al.*, 700 F.Supp.2d 277, 293 (E.D.N.Y. 2010), quoting *Wells Fargo v. Tyson*, No. 2007-28042, 27 Misc.3d 684, (Sup. Ct. Mar. 5, 2010). (noting that "entries onto private land by private officers authorized to abate public nuisances are privileged against trespass actions at common law"); *Woodhull v. Town of Riverhead*, 46 A.D.3d 802, 804 (2d Dep't 2007)("The defendant satisfied

its prima facie burden establishing its entitlement to judgment as a matter of law by demonstrating that its officers were authorized to enter plaintiff's land to post a stop-work order after having observed a violation of the Code of the Town of Riverhead.").

In order to find an individual liable for civil trespass, the Court must find that the individual, without justification or permission, "either intentionally entered upon another's property, or if entry was permitted, that the individual refused to leave after permission had been withdrawn." *Rager v. McCloskey*, 305 N.Y. 75, 79 (1953). Additionally, there is a general recognition of the right to enter a property in order to approach the common entrance of the building in order to execute service. *Kucker v. Kaminsky & Rich*, 7 A.D.3d 491, 492 (2d Dep't 2004) (defendant's daytime entry onto property to serve an application to confirm an arbitration award was not unauthorized).

Generally speaking, the assertion that the entry was privileged, lawful, or under a legal right can serve as a defense to a claim for trespass. Law enforcement officials retain the privilege of entering onto a plaintiff's property to carry our official law enforcement duties. *People v. Czerminski*, 94 A.D.2d 957 (4th Dep't 1983). Therefore, law enforcement officials are privileged to enter or remain on private property without committing trespass when they do so for a public purpose. *See Id.* A warrantless search or arrest can serve a public purpose if there is valid consent or if the search can be justified by otherwise exigent circumstances. *United States v. Gordils*, 982 F.2d 64, 70 (2d Cir. 1992).

In *Czerminski*, the Fourth Department held that whether a police officer's entrance onto another's property depended on the purpose for which he enters and remains on the property. The court held it was for the jury to determine whether the entry was ultimately privileged or constituted a trespass. *Czerminski*, 94 A.D.2d at 957.

Additionally, a plaintiff is unable to establish a claim for trespass in New York State where she consents to the defendant's presence on the property. *In re Methyl Tertiary Butyl Ether ("MTBE") Products Liab. Litig.*, 2014 WL 840955, at *1 (S.D.N.Y. Mar. 3, 2014). Implied consent to be on a plaintiff's property precludes liability for a claim of trespass. *Machleder v. Diaz*, 538 F. Supp. 1364, 1374 (S.D.N.Y. 1982). Here, it is not in dispute that Deputy Hoock lawfully entered the property in question. This fact is admitted in the Plaintiff's memorandum of law in support of its motion. *See Plaintiff Memorandum of Law In Support, p. 4*. There is no question therefore that the initial entry onto the premises was lawful.

To the extent that Plaintiffs argue that the consent was at some point withdrawn, there are questions of fact that preclude summary judgment. Deputy Hook gave testimony at the underlying criminal trial in this case which establishes that there multiple questions of fact regarding whether his presence on the property located at 49 Willis Avenue was privileged or a trespass. *(Transcript of Testimony is attached to Plaintiffs' Statement of Undisputed Facts as Exhibit C and the transcript citations are to that Exhibit unless otherwise stated)*

Here, Deputy Hoock was initially lawfully on the property to serve civil process *(See County Law §650; Plaintiffs' memorandum of law p.4)*. Deputy Hook testified to an unfamiliar, fluid set of circumstances. He arrived alone at an unknown location in order to serve a subpoena on Raymond Wierzbic, Jr. *(Exhibit C, pp. 82, 91)* When he arrived a 49 Willis Avenue, there were two unknown males in the driveway who refused to identify themselves despite many requests to do so. *(Exhibit C, pp. 83, 87, 145)*. Initially, neither individual told him to get off the property. *(Exhibit C, pp. 139)*. Deputy Hoock did not know whether these individuals owned the property. *(Exhibit C, p. 145)*.

9

The two men became increasingly irritated and shouted obscenities at Deputy Hoock. *(Exhibit C, p. 88).* On multiple occasions, Deputy Hook asked for identification but his requests were ignored. *(Exhibit C, pp. 88, 89)* One of the men picked up a set of pliers; was irate, screaming, and waiving the pliers in an aggressive manner towards Deputy Hook. *(Exhibit C, p. 89- 90).* Deputy Hook radioed for backup and told the individual he was under arrest. *(Exhibit C, pp. 93, 94)*

After attempting to explain to the man (later identified as Plaintff Raymond Wierzbic) that he was under arrest, his son, Brian Wierzbic began bumping Deputy Hook. "He walked up behind me, and just gave me a couple shoulder bumps from behind -- like a check, in a hockey move." *(Exhibit C, p. 94- 95)* As a result, Deputy Hook placed Brian Wierzbic under arrest as well. *(Exhibit C, p. 96-98)*

In sum, rather than simply identify themselves and accept the Subpoena and Restraining Notice that Deputy Hoock was there to serve, the Plaintiffs escalated the situation by yelling obscenities at Deputy Hoock, refusing to comply with multiple police commands, taking action that endangered the safety of a Deputy Sheriff, and ultimately making physical contact with Deputy Sheriff Hook. The Plaintiffs' attempt to fashion the events that led to the arrest as a simple civil trespass utterly mischaracterize the actual chain of events which took place. Deputy Hook's continued presence on the property was in pursuit of police function, created entirely by the acts of the Plaintiff's themselves, and therefore justified.

Notwithstanding the fact that the motion should be denied on basic procedural grounds, reviewing the facts in favor of the non-moving Defendants, there are clear questions of fact as to whether Deputy Hook's actions constituted a trespass, and therefore, the Plaintiffs' motion for summary judgment must be denied in its entirety. *See Czerminski*, 94 A.D.2d 957.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' motion for summary against the County Defendants should be denied in its entirety, together with such other and further relief as this Court deems just and proper.

Dated: June 24, 2016
Buffalo, New York

                                    Jennifer C. Persico, Esq.
                                    Lippes Mathias Wexler Friedman LLP
                                    *Attorneys for Defendants County of Erie,*
                                    *Erie County Sheriff's Department, Timothy*
                                    *Howard, Michael Hoock, Jason Weiss,*
                                    *Thomas Was, and James Flowers*
                                    50 Fountain Plaza, Suite 1700
                                    Buffalo, New York 14202
                                    Telephone: (716) 853-5100
                                    E-Mail: jpersico@lippes.com

To:    Paul E. Fallon, Esq.
        *Attorney for Plaintiffs*
        57 High Park Blvd.
        Amherst, New York 14226
        Telephone: (716) 830-2931
        E-Mail: pfallon6458@gmail.com

        Daire Brian Irwin, Esq.
        *Attorney for Plaintiffs*
        210 Voorhees Avenue
        Buffalo, New York 14216
        Telephone: (716) 822-7645
        E-mail: dbi59@roadrunner.com

        Julie P. Apter, Esq.
        Kristin Klein Wheaton, Esq.
        GOLDBERG SEGALLA LLP
        *Attorneys for Co-Defendants East Aurora Police Department,*
        *East Aurora Police Chief Ronald Krowka and*
        *East Aurora Police Officer Robert Braeuner*
        665 Main Street, Suite 400

Buffalo, New York 14203
Telephone: (716) 566-5400
E-mail: japter@goldbergsegalla.com
E-mail: kwheaton@goldbergsegalla.com