UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
RAYMOND WIERZBIC, BERNICE WIERZBIC, BRIAN
WIERZBIC, and ANGELENE WIERZBIC,

                        Plaintiffs,

vs.

COUNTY OF ERIE,
ERIE COUNTY SHERIFFS DEPARTMENT,
ERIE COUNTY SHERIFF TIMOTHY HOWARD,
Individually and in his official capacity,
DEPUTY ERIE COUNTY SHERIFF MICHAEL HOOCK,
Individually and in his official capacity,
DEPUTY ERIE COUNTY SHERIFF JASON WEISS,
Individually and in his official capacity,
DEPUTY ERIE COUNTY SHERIFF THOMAS WAS,
Individually and in his official capacity,
DEPUTY ERIE COUNTY SHERIFF JAMES FLOWERS,
Individually and in his official capacity,
TOWN OF AURORA,
EAST AURORA POLICE DEPARTMENT,
EAST AURORA POLICE CHIEF RONALD KROWKA,
Individually and in his official capacity,
EAST AURORA POLICE OFFICER ROBERT
BRAEUNER, Individually and in his official capacity,

**Civil Docket No.**
**1:13-CV-00978-WMS-LGF**

                        Defendants.

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE DEFENDANTS'
EAST AURORA POLICE DEPARTMENT, CHIEF RONALD KROWKA, AND
ROBERT BRAEUNER MOTION FOR SUMMARY JUDGMENT**

                                               **GOLDBERG SEGALLA LLP**
                                               *Attorneys for East Aurora Police Department,*
                                               *Chief Ronald Krowka, and Officer Robert Braeuner*
                                               Julie P. Apter, Esq.
                                               Kristin Klein Wheaton, Esq.
                                               665 Main Street
                                               Buffalo, New York 14203
                                               (716) 566-5400

# I. PRELIMINARY STATEMENT

Defendants, the East Aurora Police Department, East Aurora Police Chief Ronald Krowka (hereafter "Chief Krowka") and East Aurora Police Officer Robert Braeuner (hereafter "Officer Braeuner") (collectively "East Aurora Defendants") submit this Reply Memorandum of Law in response to the Plaintiffs' responding memorandum of law (Docket No. 90) and in further support of their motion for summary judgment, seeking dismissal of plaintiffs' complaint and any and all cross-claims against them.

# II. STATEMENT OF FACTS

The relevant facts and procedural history are fully set forth in the accompanying Local Rule 56.1(a) Statement of Undisputed Facts (Docket No. 81-2)(hereafter "Rule 56 Statement") and are incorporated herein. Notably, plaintiffs have failed to respond to the Rule 56 Statement and instead just submitted 247 pages of transcripts from the criminal trial. Accordingly under Local Rule 56(a)(2), those statements that have not been countered by the plaintiffs are deemed admitted. *See Local Rule 56(a)(2).*

While the plaintiffs quote Officer Braeuner's testimony from the transcript of the criminal proceeding extensively, the testimony does not create any issue of material fact with respect to the East Aurora Defendants' motion for summary judgment and actually further supports the East Aurora Defendants' motion. For example, the quoted testimony confirms that Officer Braeuner arrived after certain events transpired and heard Officer Hoock state that Mr. Raymond Wierzbic was under arrest. The testimony confirms that Officer Braeuner did not touch plaintiff Brian Wierzbic and that his actions toward Bernice Wierzbic, as supported by her own testimony, were appropriate. Finally, the testimony cited by plaintiffs further demonstrates that Chief Krowka was not personally involved in the events that transpired that day. As

plaintiffs' allegations are conclusory and they have failed to come forward with "evidence" to raise any issue of material fact with respect to their claims against the East Aurora Defendants, the East Aurora Defendants' motion for summary judgment should be granted.

## **REPLY ARGUMENT**

### I. THE EAST AURORA POLICE DEPARTMENT IS ENTITLED TO SUMMARY JUDGMENT BECAUSE IT IS NOT A LEGAL ENTITY SUBJECT TO SUIT

Plaintiffs have offered no opposition to the East Aurora Defendants' argument that the East Aurora Police Department is not a legal entity subject to suit and presumably concede that point. Accordingly all claims and cross claims against the East Aurora Police Department should be dismissed.

### II. THE CLAIMS UNDER 42 USC § 1983 SHOULD BE DISMISSED AS AGAINST CHIEF KROWKA.

As with the East Aurora Police Department, plaintiffs make no argument opposing Chief Krowka's motion for summary judgment. Apparently, plaintiffs concede that no causes of action can be maintained against him. There is no dispute of fact regarding his lack of personal involvement and plaintiff has offered no argument in opposition to the other legal bases for dismissal of claims against him. Accordingly, Chief Krowka's motion for summary judgment should be granted dismissing all claims and cross claims.

### III. THE REMAINING CONSTITUTIONAL CLAIMS AGAINST OFFICER BRAEUNER SHOULD BE DISMISSED.

#### A. All Official Capacity Claims against Officer Braeuner Should be Dismissed.

Plaintiff's memorandum of law does not address the argument that all official capacity claims against Officer Braeuner are essentially claims against the municipality and require a

showing of pattern or practice or custom of the municipality. As plaintiffs have failed to make such a showing, all official capacity claims against Officer Brauener should be dismissed.

**B.     All Individual Claims against Officer Braeuner Should Be Dismissed.**

    **1.     Officer Braeuner Did Not Use Unreasonable Force Against any of the Plaintiffs.**

In their papers, plaintiffs argue that the claims against Officer Braeuner alleging excessive use of force should go to a jury for a decision on whether excessive force was used. However, plaintiffs have failed to articulate any facts specifying how Officer Braeuner used excessive force and certainly have not produced any evidence demonstrating that Officer Braeuner used excessive force, or to create any issue of material fact on the subject.

As noted in the East Aurora Defendants' motion for summary judgment, Mrs. Wierzbic's own description of her encounter with Officer Braeuner does not support a claim for excessive use of force. *See Docket No. 81, Ex. M, pp. 25-26, 50-51*. Again, it remains undisputed that Officer Braeuner did not touch plaintiff Brian Wierzbic and plaintiff Angeline Wierzbic was not even at the scene that day. In their memorandum of law (Docket No. 90), the plaintiffs do not point to any actions of Officer Braeuner or physical activity of Officer Braeuner that justifies a claim of excessive force, but rather appear to focus on the fact that Officer Braeuner did not know why Raymond Wierzbic was under arrest suggesting that Officer Braeuner had some obligation to "find out what is going on" and therefore the case should go to the jury.

Plaintiffs rely on *Gagon v. Ball,* 696 F.2d 17 (2d Cir. 1982) and *Nesmith v. Alford,* 318 F.2d 110 (5th Cir. 1963). However, both cases are not on point and are factually distinguishable. While both cases involved allegations of false arrest, neither case addressed the use of excessive force. Neither case provides insight on the legal standard to be applied on summary judgment in

3

an alleged excessive use of force claim, especially as it relates to the present case. Accordingly, neither case provides guidance with respect to this Court's examination of whether plaintiffs' constitutional claim of alleged use of excessive force against Officer Braeuner should survive summary judgment.

The undisputed evidence remains that when Officer Braeuner arrived on the scene he knew the following facts: 1) another police officer had called for back-up so Officer Braeuner came immediately with lights and sirens because in his past experience when an officer asked for backup it meant the officer was in trouble and needed immediate assistance (Rule 56 Stmt., Ex. F, ¶ 7); 2) at the scene he heard another officer or officers indicate that Raymond Wierzbic was under arrest and he relied upon this information that a valid arrest was being effectuated *Id.* at ¶¶ 8-9; 3) he observed Raymond Wierzbic struggling violently with the other deputies *Id.* at ¶¶ 8-9; and 4) he observed both Brian and Bernice Wierzbic pulling off Sheriff Deputies and placing themselves and other officers in danger. *Id.* Plaintiffs summarily argue "Officer Braeuner knew or should have known that the Sheriff calling for back-up was doing so in a civil matter." However, the communication cited by plaintiffs was not a communication received by Officer Braeuner, but rather was a conversation between two dispatchers.[1] *Plaintiffs Memorandum of Law (Docket No. 90), page 3.* There is no evidence in the record that Officer Braeuner was aware of this conversation. To the contrary, Officer Braeuner attests that he was summoned for back-up and in his experience it means that an officer is in trouble. *Braeuner Affidavit, Rule 56 Stmt., Ex. F, ¶ 7 (Docket No. 81).* Plaintiffs have failed to raise any issue of fact or contradict the facts set forth Officer Braeuner's affidavit. For the additional reasons set forth in the East Aurora

---

[1] Upon information and belief, plaintiff has failed to produce the actual recording or a transcript of the recording. In connection with this motion, defendants were not served with any copy of either Exhibits B or C referenced in Plaintiffs' Statement of Material Facts (Docket No. 90-1).

4

Defendants' Memorandum of Law *(Docket No. 81-19, pp. 6-10)*, the claims against Officer Braeuner for excessive force should be dismissed.

### 2. Officer Braeuner is Not Liable Under a Failure to Intercede Theory.

Plaintiffs argue, without citing any legal authority, that Officer Braeuner's alleged failure to conduct an investigation of the background of all that had transpired before his arrival forms a claim for a failure to intercede and that the claim should be submitted to a jury. Plaintiffs also apparently claim that when he arrived on the scene Officer Braeuner should have assumed that the ongoing arrest was unlawful. However, plaintiffs fail to cite evidence supporting that Officer Braeuner knew or had reason to know that excessive force was being applied, that a citizen was unjustifiably arrested or that any constitutional violation had been committed. The facts of this incident are largely undisputed. Moreover, the trial court judge convicted Raymond Wierzbic and Brian Wierzbic after trial. The plaintiffs themselves concede that they were "engaged in a heated argument about something" with the Sheriff's Deputies.

As far as Officer Braeuner knew, when he arrived, the other officers were attempting to effectuate a lawful arrest upon a large strong man who was fighting with them violently. In short, there is no evidence to support a failure to intercede claim against Officer Braeuner.

### 3. Officer Braeuner Should be Granted Summary Judgment on the False Arrest Claim

Plaintiffs argue that the false arrest claim against Officer Braeuner should be submitted to a jury. However, as with the other constitutional claims, plaintiffs have failed to raise any issue of fact on this claim. Plaintiffs concede the legal standard applicable to false arrest claims, namely that courts are to consider those facts available to the officer at the time of arrest and immediately before it, examining the totality of the circumstances, in determining whether there

was "arguable" probable cause to support an arrest. Plaintiffs again argue that Officer Braeuner had some duty to investigate events that transpired before his arrival. Plaintiffs essentially argue that Officer Braeuner should disregard the information he had in is possession and the observations of the behavior he witnessed upon arrival; however, this is not the correct legal standard.

The Supreme Court has noted that "judges should be cautious about second-guessing a police officer's assessment made on the scene, of the danger presented by a particular situation." *Ryburn v. Huff*, 132 S.Ct. 987 (2012). "[R]easonableness 'must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight' and that 'calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments – in circumstances that are tense, uncertain and rapidly evolving.'" *Id., quoting Graham v. O'Connor*, 490 U.S.386, 396-397 (1989).

In the present case, Officer Braeuner was confronted with a situation that had escalated and was continuing to escalate rapidly when he arrived at the scene. As far as he knew, Raymond Wierzbic was under arrest and was fighting the officers. Similarly, Bernice Wierzbic was not staying out of the way as requested, but tried to push her way past Officer Braeuner after hitting him on the chest to get into the middle of the situation, placing everyone at risk. Officer Braeuner did not observe any activity that would have led him to believe the arrest was anything but lawful and under the law, he was entitled to rely upon the information conveyed to him by Deputy Hoock and his own observations. Clearly, the low threshold of "arguable probable cause" for the arrest is met here based upon the totality of the circumstances and the dangers presented by what Office Braeuner observed upon his arrival. Also, it is undisputed the only plaintiff Officer Braeuner arguably detained was Bernice Wierzbic and it is undisputed that she

was arrested after hitting Officer Braeuner and after her attempts to interfere with the arrest of her husband. Because plaintiffs have failed to raise a material issue of fact, the false arrest claims against Officer Braeuner should be dismissed as a matter of law.

    **4.    The First and Fifth Amendment, Conspiracy, Malicious Prosecution and Equal Protection Claims Asserted Against Officer Braeuner Should be Dismissed.**

Plaintiffs have not opposed the East Aurora Defendants' motion on the First Amendment, conspiracy, Equal Protection, Malicious Prosecution or Fifth Amendment claims. Presumably, they concede these causes of action should be dismissed. As plaintiffs have failed to establish a First or Fifth Amendment, Conspiracy, Malicious Prosecution or Equal Protection claim against Officer Braeuner, these claims should be dismissed.

    **5.    Officer Braeuner is Entitled to Qualified Immunity Dismissing the Claims.**

Plaintiffs argue that the question of whether Officer Braeuner is entitled to qualified immunity should go to the jury. Plaintiffs argue:

> [i]n the instant case there was nothing more than a statement by Deputy Hoock staying that Raymond was under arrest. When Officer Braeuner he[sic] found Depty [sic] Hoock saying that Raymond was under arrest and Raymond, Bernice and Brian were arguing with Hoock. They were also seeking assistance from the East Aurora Police which should have given Office [sic] Braeuner pause to consider what was in fact going on. Rather than inquire into what was on its face an odd situation he chose to rely on Hoock and Hoock alone. *Plaintiffs' Memo of Law (Docket No. 90, page 5).*

First, plaintiffs do not dispute what Officer Braeuner was told about the situation, i.e. that an officer needed backup in which Officer Braeuner assumed, based upon his prior experience, that an officer was in trouble. Plaintiffs further disregard what Officer Braeuner *observed* when he arrived on the scene, i.e. a large man (Raymond Wierzbic) whom he was told was under arrest by Deputy Hoock, fighting with deputies and resisting arrest placing himself

7

(Mr. Wierzbic), his family and other deputies in danger. Plaintiffs' assertion that Officer Braeuner should have known that an alleged unlawful arrest was occurring is not supported by the undisputed facts. Likewise, given the rapidly developing situation, it would not occur to a reasonable person that Mrs. Wierzbic's request for East Aurora police was unusual or "odd."

The legal standard for qualified immunity dictates that all claims against Officer Braeuner should be dismissed. "Qualified immunity 'protects all but the plainly incompetent or those government officials who knowingly violate the law.'" *Ozga v. Elliot*, 2015 U.S. Dist. LEXIS 169812, \*19-20 (D. Ct. 12/21/2015), *quoting Mullenix v. Luna*, 136 S.Ct. 305, 308 (2015). "Likewise, qualified immunity 'gives government officials breathing room to make reasonable but mistaken judgments about open legal questions.'" *Id., quoting Lane v. Franks*, 134 S.Ct. 2369 (2014). "Where, as here, qualified immunity is asserted at the summary judgment stage, a court may grant judgment if it is clear- after viewing all of the facts in the light most favorable to plaintiff- that reasonable law enforcement officers could have disagreed about whether defendants' conduct violated the law." *Id. (citations omitted)*. "The purpose of qualified immunity is to allow government officials to do their job free from doubt that they will be sued and liable for money damage because of actions they took that a court might one day decide was unlawful but that an objectively reasonable official at the time would not have known to violate anyone's rights." *Id., see also Ryburn*, 132 S.Ct. at 991 (Upholding qualified immunity despite lawful conduct by the persons under arrest, since "there are many circumstances in which lawful conduct may portend imminent violence.")

In the instant case, as articulated previously, the facts known to Officer Braeuner lead to the conclusion that he is entitled to qualified immunity dismissing plaintiffs' claims. Plaintiffs again argue that this question should go to the jury, but this argument is not supported by the law

or facts. Officer Braeuner acted reasonably. The fact that Raymond and Brian Wierzbic were convicted after trial of some of the charges, which were later reversed by an appellate court is proof positive that Officer Braeuner is entitled to qualified immunity. If the facts and circumstances were as plainly obvious as plaintiffs assert, no conviction would have resulted after trial. In this case, the record establishes that two courts disagreed on whether there was probable cause that day; clearly law enforcement officials, in the heat of the moment, could have disagreed on that day as well. Under the legal standard, Officer Braeuner is entitled to summary judgment on the basis of qualified immunity.

## IV. THE NEW YORK STATE LAW CLAIMS SHOULD BE DISMISSED.

### A. Plaintiff Failed to Serve a Notice of Claim upon the Village of East Aurora.

As noted in the East Aurora Defendants' memorandum of law in opposition to plaintiffs' motion for summary judgment in the trespass action *(Docket No. 87-2, pp. 3-4)*, all New York State Law causes of action against the East Aurora Defendants are subject to dismissal for plaintiffs' failure to file a notice of claim with the Village of East Aurora as required by New York Civil Practice Law and Rules § 9801. All arguments asserted in that document are hereby incorporated herein. Upon information and belief Plaintiffs only filed a notice of claim with Erie County and the Town of Aurora, neither of which are the appropriate entities upon which to serve a notice of claim with respect to the Village of East Aurora, an independent entity. Because plaintiffs failed to comply with the CPLR and New York General Municipal Law, all state law claims against the East Aurora Defendants should be dismissed.

### B. Alternatively, the New York State Law Claims are Untimely

Plaintiffs claim that the state causes of action asserted are governed by a one year and ninety day statute of limitations and there is conflicting authority on the issue. However, this

9

District and other District courts have held that these claims are governed by the one year statute of limitations. Logically this is the correct result because the New York General Municipal Law generally shortens the statute of limitations on claims against a municipality and/or its officers. The claims that accrued on the day of the arrest (assault, battery and IIED) became time barred on July 2, 2013 (i.e. one year after the arrest). *See Carlson v. Geneva City Sch. Dist.*, 679 F.Supp.2d 355 (W.D.N.Y. 2010); *Jones v. J.C. Penney's Department Stores, Inc., Docket No. 03-CV-920 (W.D.N.Y. 1/22/07)(* Claims for intentional torts are time barred due to one year statute of limitations). The claims for false arrest and false imprisonment became time barred on July 3, 2013 (i.e. one year after Plaintiffs were arraigned and released on July 3, 2012). *See Excell v. City of New York*, 2012 U.S. Dist. LEXIS 93080, at *12 (E.D.N.Y. 2012), *Tirelli v. O'Connell*, 2013 U.S. Dist. LEXIS 19053 at *10-11 (N.D.N.Y. 2013); *Jones, supra*. The Complaint in this action was filed on September 27, 2013 more than one year and beyond the statute of limitations for these claims. Accordingly, they must be dismissed.

## CONCLUSION

For reasons set forth herein, and based upon record in this matter previously submitted, the Motion for Summary Judgment on behalf of Defendants East Aurora Police Department, Officer Robert Braeuner and Chief Ronald Krowka should be granted and this action should be dismissed along with all cross-claims, and this Court should grant any such other and further relief that it deems appropriate.

DATED:    Buffalo, New York
              July 12, 2016

*s/ Julie P. Apter*
Julie P. Apter, Esq.
Kristin Klein Wheaton, Esq.
GOLDBERG SEGALLA LLP

*Attorneys for Defendants EAST AURORA POLICE DEPARTMENT, EAST AURORA POLICE CHIEF RONALD KROWKA, Individually and in his Official capacity, EAST AURORA POLICE OFFICER ROBERT BRAEUNER, Individually and in his Official capacity*
665 Main Street, Suite 400
Buffalo, New York 14203
(716) 566-5400
japter@goldbergsegalla.com

To: Paul E. Fallon, Esq.
*Attorneys for Plaintiffs*
57 High Park Boulevard
Amherst, New York 14226
Telephone: (716) 830-2931
Pfallon6458@gmail.com

Daire Brian Irwin, Esq.
*Attorney for Plaintiffs*
210 Voorhees Avenue
Buffalo, New York 14216
(716) 822-7645
dbi59@roadrunner.com

Jennifer C. Persico, Esq.
LIPPES MATHIAS WEXLER FRIEDMAN LLP
*Attorneys for Co-Defendants*
*County of Erie, Erie County Sheriff's Department,*
*Erie County Sheriff Timothy Howard,*
*Erie County Sheriff Deputy Michael Hoock,*
*Erie County Sheriff Deputy Jason Weiss,*
*Erie County Sheriff Deputy Thomas Was, and*
*Erie County Sheriff Deputy James Flowers*
50 Fountain Plaza, Suite 1700
Buffalo, New York 14202
Telephone: (716) 853-5100
jpersico@lippes.com

11

5215818.1