UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

RAYMOND WIERZBIC, BERNICE WIERZBIC,
BRIAN WIERZBIC, AND ANGELENE WIERZBIC,

                            Plaintiffs,

v.                                        Case Number: 1:13-CV-00978-WMS-LGF

COUNTY OF ERIE,
ERIE COUNTY SHERIFFS DEPARTMENT,
c,
Individually and in his official capacity,
DEPUTY ERIE COUNTY SHERIFF MICHAEL HOOCK,
Individually and in his official capacity,
DEPUTY ERIE COUNTY SHERIFF JASON WEISS,
Individually and in his official capacity,
DEPUTY ERIE COUNTY SHERIFF THOMAS WAS,
Individually and in his official capacity,
DEPUTY ERIE COUNTY SHERIFF JAMES FLOWERS
Individually and in his official capacity,
TOWN OF AURORA,
EAST AURORA POLICE DEPARTMENT,
EAST ARUORA POLICE CHIEF RONALD KROWKA,
Individually and in his official capacity,
EAST AURORA POLICE OFFICER ROBERT BRAEUNER,
Individually and in his official capacity,

                            Defendants.

---

**FURTHER MEMORANDUM OF LAW IN
SUPPORT OF COUNTY DEFENDANTS
MOTION FOR SUMMARY JUDGMENT**

# I. **INTRODUCTION**

The factual background in this matter is fully set forth in the County Defendants Statement of Facts and therefore, will not be repeated herein but is incorporated by reference.

At the outset it should be noted that Plaintiffs do not oppose Defendants motion to dismiss the following causes of action: (1) all claims against the Erie County Sheriff's Department; (2) § 1983 claims asserted against Erie County; (3) § 1983 claims brought against the Erie County Sheriff Timothy Howard; (4) § 1983 claims alleging a violation of the Fifth Amendment; (5) § 1983 claims alleging a violation of the First Amendment; and (6) dismissal of the request for punitive damages against Erie County.

Therefore, the only remaining causes of action still at issue are: (1) state law claims against Erie County under a theory of respondeat superior; (2) state law claims against Sheriff Howard as an individual; (3) state law intentional tort claims; and (4) the demand for punitive damages against individually named Sheriff's Deputies.

First, Plaintiffs argue that the well established precedent in New York courts precluding a County from being held liable for the acts of its employees under a theory of respondeat superior is incorrect. Second, Plaintiffs argue that because Deputy Sheriff Hoock originally went to 49 Willis Road to perform a civil function, Sheriff Timothy Howard can be held personally liable for the acts of all individually named Deputy Sheriffs. Third, Plaintiffs argue the claims for false arrest, false imprisonment, assault, battery, and intentional infliction of emotional distress are timely under General Municipal Law § 50(i). Lastly, Plaintiffs argue the demand for punitive damages against the individually named Sheriff's Deputies are valid.

As fully set forth below, Plaintiff's opposition to the County Defendants' motion for summary judgment fails to raise a question of fact and therefore the County Defendants' motion for summary judgment must be granted in its entirety.

## II. ARGUMENT

### A. Plaintiff Fails To Raise a Question Of Fact In Opposition To The Defendants Motion To Dismiss All Common Law Claims For Negligent Supervision, Hiring, Training, or Retention

Plaintiffs do not dispute that courts have consistently upheld the principle that a municipality cannot be held liable for the acts of its employees. Instead, Plaintiff encourages the Court to overturn decades of well-established, well-articulated precedent because those decisions "do not make any sense."

Plaintiffs cite to a ballot measure passed in 1989 to remove the sentence, "but the county shall never be made responsible for the acts of the sheriff," from the New York State Constitution as proof that the effect of that change would be to make a county liable for the acts of a sheriff or a sheriff's deputies and to an New York Times Op-Ed piece from 1989. Although only mentioned in passing by Plaintiffs, this exact position has been subsequently litigated and rejected by the Fourth Department.

In Marashian v. City of Utica, the Fourth Department flatly disposed of the exact argument Plaintiff makes herein. 214 A.D.2d 1034 (4th Dep't 1995). The Fourth Department held that the 1989 Amendment to the New York Constitution merely allows a county to accept responsibility for the negligent acts of the sheriff; it does not impose liability upon the county for the acts of the sheriff or his deputies on a theory of respondeat superior. See Id.

In Villar v. County of Erie, on appeal, the Plaintiff argued that subsequent to the change, a county could be held liable for the acts of its employees. 126 A.D.3d 1295, 1296 (4th Dep't 2015). Again, the Fourth Department explicitly dismissed that point, dismissing the cause of action seeking to hold the defendant vicariously liable for the negligence of the sheriff or the sheriff's deputies because the defendant "may not be held responsible for the negligent acts of the sheriff and his deputies on the theory of respondeat superior, in the absence of a local law assuming such responsibility." Villar v. Cty. of Erie, 126 A.D.3d at 1296 (citing Marashian, 214 A.D.2d at 1034.). No local law exists whereby the County of Erie has accepted responsibility for the actions of the Sheriff or his deputies based upon a theory of *respondeat superior.*

There is no basis for this Court to overturn well established precedent. Instead it should uphold the principle that Erie County cannot not be held liable for the acts of it's the Sheriff's Department on a theory of respondeat superior.

**B. All Claims Against Erie County Sheriff Timothy Howard Must Be Dismissed**

Plaintiffs take the position that because this incident originated from the performance of a civil function, Sheriff Timothy Howard can be held liable for the conduct of the individually named deputy sheriffs. However, Plaintiffs motion misconstrues the premise behind its own argument, and in turn misapplies that principle to the instant lawsuit

It is well established that "a sheriff cannot be held personally liable for the acts or omissions of his deputies while performing criminal justice functions, and that this principle precludes vicarious liability for the torts of a deputy." D'Amico v. Corr. Med. Care, Inc., 120 A.D.3d 956, 958 (4th Dep't 2014). Although it is correct that a sheriff can potentially be held liable for an employee's performing civil functions, the facts here do not warrant such a result.

The rationale underlying this principle is when executing civil functions an employee is in the service of the sheriff personally, but when executing criminal functions, an employee is in the service of the general public. Miller v. City of New York, 266 A.D. 565, 568 (1st Dep't 1943). Here, the alleged conduct of the Deputy Sheriff's involved in this incident is clearly within the realm of criminal function.

The case cited by Plaintiffs in support of their position, Glowinski v. Braun, is factually distinguishable from the instant matter. 105 A.D.2d 1153 (4th Dep't 1984). In that case, the Family Court Clerk failed to perform his *ministerial* duty to retire a warrant and therefore the Sheriffs, when executing the warrant, where executing an invalid warrant. Id. The Fourth Department very clearly distinguished the Clerk's *ministerial duty* to retire the warrant from an action which required the "exercise of reasoned judgment" such as the actions at issue in this lawsuit.

It is not in dispute that Deputy Sheriff Hoock was originally at the location where this arrest occurred to serve papers on Plaintiff Raymond Wierzbic. However, the facts and circumstances surrounding this arrest required each of the Deputy Sheriff's involved to utilize their discretion in executing an arrest. The underlying conduct which is complained of is not that Plaintiffs were improperly served, it's that they were falsely arrested. Notwithstanding the lack of merit to that claim, the actions taken by the individually named Deputy Sheriff's clearly fall within the realm of criminal function, and therefore the Sheriff cannot be held personally liable for the acts of those individuals.

C. **Plaintiff's Common Law Intentional Tort Claims Against Individually Named Defendants Are Untimely**

Plaintiffs argue that their state law intentional tort claims are timely pursuant to General Municipal Law ("GML") § 50(i), which would entitle Plaintiffs to a year and ninety days in

5

order to commence the instant lawsuit. That assertion is misplaced because Plaintiffs have failed to present any argument which would create a question of fact to maintain this action against a municipal entity as a defendant.

The intentional tort state claims remaining in this lawsuit are against individuals. The GML applies to cities, towns, villages, fire districts, and school districts. GML § 50(i). Therefore, regardless of whether or not New York courts have come to different conclusions regarding whether to apply CPLR § 215(e) or GML § 50(i), the applicable statute of limitations here must be CPLR § 215(e).

This Court had specifically held that under New York law, "the statute of limitations for claims sounding in negligence asserted against a municipality, including a county or an officer of the municipality, is one year and ninety days, while the statute of limitations for intentional torts, including false arrest, false imprisonment, malicious prosecution and abuse of process as generally applicable is one year." Jones v. J.C. Penney's Dep't Stores, Inc., 2007 WL 1577758, at *25 (W.D.N.Y. 2007). As such, the Plaintiff's intentional tort claims are governed by CPLR § 215(e) and should be dismissed as untimely.

### D. Punitive Damages Against The Municipality

Plaintiffs do not dispute that any claim for punitive damages against Erie County should be dismissed. However, Plaintiffs state they seek only to maintain the possibility of punitive damages against individually named Defendants. Given the facts at issue here, it is difficult to imagine Plaintiff meeting the demanding threshold required to be awarded punitive damages. However, to the extent any named Defendants remain upon the conclusion of motion practice, Plaintiffs would be entitled to pursue punitive damages against them in their personal capacity at the time of trial.

### III. CONCLUSION

In sum, for the reasons stated above and in the County Defendant's memorandum of law in support of their motion for summary judgment, Plaintiffs' claims against Erie County, the Sheriff's Office, and Sheriff Howard should be dismissed in their entirety with prejudice; Plaintiffs' claims against all County Defendants for alleged violations of their First and Fifth Amendment rights should be dismissed in their entirety with prejudice; Plaintiffs' intentional tort claims against all County Defendants for false arrest false imprisonment, assault, battery and intentional infliction of emotional distress should be dismissed in their entirety with prejudice; Plaintiffs claims for punitive damages against Erie County must also be dismissed with prejudice, together with such other and further relief as this Court deems just and proper.

Dated:
    July 12, 2016
    Buffalo, New York

*s/ Jennifer C. Persico*
Jennifer C. Persico, Esq.
Lippes Mathias Wexler Friedman LLP
*Attorneys for Defendants County of Erie, Erie County Sheriff's Department, Timothy Howard, Michael Hoock, Jason Weiss, Thomas Was, and James Flowers*
50 Fountain Plaza, Suite 1700
Buffalo, New York 14202
Telephone: (716) 853-5100
E-Mail: jpersico@lippes.com

To: Paul E. Fallon, Esq.
*Attorney for Plaintiffs*
57 High Park Blvd.
Amherst, New York 14226
Telephone: (716) 830-2931
E-Mail: pfallon6458@gmail.com

Daire Brian Irwin, Esq.
*Attorney for Plaintiffs*
210 Voorhees Avenue
Buffalo, New York 14216
Telephone: (716) 822-7645
E-mail: dbi59@roadrunner.com

Julie P. Apter, Esq.
Kristin Klein Wheaton, Esq.
GOLDBERG SEGALLA LLP
*Attorneys for Co-Defendants East Aurora Police Department,*
*East Aurora Police Chief Ronald Krowka and*
*East Aurora Police Officer Robert Braeuner*
665 Main Street, Suite 400
Buffalo, New York 14203
Telephone: (716) 566-5400
E-mail: japter@goldbergsegalla.com