UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

RAYMOND WIERZBIC,
BERNICE WIERZBIC,
BRIAN WIERZBIC,
ANGELENE WIERZBIC,

                Plaintiff(s),

v.                                                         Civil Action No. 13-CV-0978

ERIE COUNTY SHERIFF TIMOTHY HOWARD,
DEPUTY ERIE COUNTY SHERIFF MICHAEL HOOCK,
DEPUTY ERIE COUNTY SHERIFF JASON WEISS,
DEPUTY ERIE COUNTY SHERIFF THOMAS WAS,
DEPUTY ERIE COUNTY SHERIFF JAMES FLOWERS,

                Defendant(s).

---

**FURTHER MEMORANDUM IN SUPPORT OF
PROPOSED JUSTIFICATION CHARGE (REVISED)**

      Defendants submit this brief in further support of the charge of justification and include herewith a revised proposed charge on that issue.

      As the Court is aware, the Plaintiffs did not allege a trespass claim in their complaint. As such, in opposition to Plaintiffs' application for partial summary judgment on the issue of trespass, the Defendants opposition was based upon the fact that the Plaintiffs complaint did not allege that cause of action and therefore summary judgment was not available.

In their statement of material facts in support of their motion for partial summary judgment, the Plaintiffs never alleged that service was made upon any Plaintiff at the property at 49 Willis Road.

Judge Skretny, in his decision thereafter inferred the cause of action from the allegations and made his ruling, not based upon the either parties' statement of material facts, but rather on Judge Pietruskza's decision in the criminal appeal - which is not binding in this matter and contained a material factual error. (see Skretny Decision p30).  The service of process was not made at the 49 Willis Road property, rather it was made at 1600 Bowne Road, which is a Sheriff's substation.  Thus the assertion in Judge Skretny's decision that Deputy Hook's "justification for entry onto to Plaintiffs' property – was discharged" by his service of the process at 49 Willis (Decision page 30), was based on erroneous facts picked up from the erroneous facts contained in Judge Pietruska's decision.

Plaintiff herein is making a state law claim for trespass in this case.  Defendants are simply seeking to interpose their valid defense of justification applicable to law enforcement personnel and present proof on the issue. This defense to a trespass claim is recognized in New York.  In *Hand v. Stray Haven Humane Society,* 21 AD3d 626 (3rd Dep't 2005), the court held that "[a]ny unauthorized entry upon land of another constitutes a 'trespass' " (104 NY Jur 2d, Trespass § 1, at 461-462).  However, law enforcement personnel acting lawfully in the furtherance of their duty are excused from what may be otherwise trespassory acts (see *People v Czerminski*, 94 AD2d 957, 957 [1983], lv denied 59 NY2d 972 [1983]; see also *Voskerchian v United States*, 1999 WL 66709, *4, 1999 US Dist LEXIS 1439, *11-12 [WD NY, Elfvin J., 98-CV-0335E(M), 1999]; *Reynolds v United States*, 927 F Supp 91, 96 [1996]).

Defendants are entitled to present evidence that process was not served at the 49 Willis address and to argue that Hoock's presence on the property was, therefore justified.

As this court is aware the New York Pattern Jury Instruction and comments thereto are informative as to how to charge the jury relative to the state law claims.

PJI 3:8 Trespass to Land and the comment thereto provide sound guidance around this jury charge. The basic charge reads that:

> A person who, without justification or permission, intentionally (goes, causes a (person, thing) to go) upon the property of another person commits what is known in the law as a trespass and is liable for any damages caused by that trespass.

As the charge notes, the entry onto land must be without justification in order to be a trespass. In discussing justification, the comments to the charge provide that:

Justification must be pleaded by defendant and cannot be established under a general denial, *Demick v Chapman*, 11 Johns 132 (NY 1814); see *Brink v Central School Dist. No. 1 of Towns of Hyde Park et al.*, Dutchess County, 63 Misc2d 293, 311 NYS2d 424 (Sup 1970), aff'd, 36 AD2d 796, 320 NYS2d 896 (2d Dept 1971); CPLR 3018(b).

The Comment goes on to say, in relevant part, that "[o]ther defenses include consent (see Comment to PJI 3:3), **execution of legal process fair on its face** (see Comment to PJI 3:4), arrest for a criminal offense (see Comment to PJI 3:5)(emphasis added)

Also instructive is PJI 3:4 as referenced in the comment to PJI 3:8 which states in relevant part in the comments thereto:

With respect to service of legal process by peace officers, there is no right to enter forcibly in order to make service or execution, *Slater v Wood*, 22 Super Ct 15, 38; Prosser, Torts

(4th Ed) 129, § 25; see CPL 120.80(4), (5), **but if entry is peaceably obtained such force as is necessary to overcome resistance to service or to execute the order may be used**, *Hager v Danforth*, 20 Barb 16 (NY Gen Term 1854); see *Moore v Devoy*, 37 How Pr 18 (NY Super Ct 1869); Restatement, Second, Torts § 145. The rules with respect to the process itself parallel those governing a warrant of arrest (see Comment, PJI 3:5), that is, the process server is protected if he or she acts under process fair on its face, *People v Warren*, 5 Hill 440 (NY Sup 1843)(emphasis added)

The Defendants, therefore respectfully request that they be permitted to present evidence to support the defense of justification to the trespass claim and to have a jury charge on that issue and for such other and further relief this Court deems appropriate.

Dated: November 2, 2018

/s/Jennifer C. Persico
Jennifer C. Persico, Esq.
Lippes Mathias Wexler Friedman LLP
*Attorneys for Defendants*
50 Fountain Plaza, Suite 1700
Buffalo, New York 14202
Telephone: (716) 853-5100
E-Mail: jpersico@lippes.com

To:   Paul E. Fallon, Esq.
      *Attorney for Plaintiffs*
      57 High Park Blvd.
      Amherst, New York 14226
      Telephone: (716) 830-2931
      E-Mail: pfallon6458@gmail.com

      Daire Brian Irwin, Esq.
      *Attorney for Plaintiffs*
      210 Voorhees Avenue
      Buffalo, New York 14216
      Telephone: (716) 822-7645
      E-mail: dbi59@roadrunner.com