UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

RAYMOND WIERZBIC,
BERNICE WIERZBIC,
BRIAN WIERZBIC,
ANGELENE WIERZBIC,

                Plaintiff(s),

v.                                                     Civil Action No. 13-CV-0978

ERIE COUNTY SHERIFF TIMOTHY HOWARD,
DEPUTY ERIE COUNTY SHERIFF MICHAEL HOOCK,
DEPUTY ERIE COUNTY SHERIFF JASON WEISS,
DEPUTY ERIE COUNTY SHERIFF THOMAS WAS,
DEPUTY ERIE COUNTY SHERIFF JAMES FLOWERS,

                Defendant(s).

## DEFENDANTS' RULE 51(c)(2)(B) OBJECTIONS

In accord to Rule 51(c)(2)(B) of the Federal Rules of Civil Procedure, Defendants respectfully submit the following objections to the Court's response given to the jury's November 9, 2018 question: "Please define proximately as used in question 2 of the questionnaire." These objections explicitly include and rely upon all briefing and oral argument previously submitted in this case with respect to issues of law. In submitting this memorandum, Defendants explicitly reserve their right to supplement their objections with subsequent briefing and/or oral argument.

The Court and the parties discussed the appropriate response to the jury's question. The Defendants understood that the Court would be instructing the jury that "proximately" as used in question 2 would be limited to the definition "a reasonable probable consequence of the act or omission" as was set forth on page 25 of the jury instructions.

Instead the Court re-read the entire portion of that paragraph in the charge which addressed the third element of probable cause and was unrelated to the trespass claim. Specifically, the Court re-read the following portion of the jury instructions:

> "On the third element, with regard to each Plaintiff, if you find that Defendant Hoock unlawfully seized and arrested plaintiff, you must then consider whether such conduct was a proximate cause of any damages to such plaintiff. The damages to the plaintiff is proximately caused by an act or failure to act whenever it appears from the evidence in the case that the act or omission played a substantial part in bringing about or actually causing the damage and that the damage was either a direct result or a reasonably probable consequence of the act or omission."

The reading of the third element of the damage charge relative to unlawful seizure or arrest of plaintiff when the jury asked only about the limited definition of "proximately" in connection with the trespass claim is likely to confuse the jury and lead them to believe that if they find that there was a trespass then they automatically find that there was an unlawful seizure or that the universe of damages is the same for both causes of action.

The Defendants therefore object to the response to the jury's question and request a curative instruction prior to the jury resuming its deliberations on Tuesday November 13, 2018.

The Defendants propose that the Court instruct the jury as follows before it resumes deliberations:

On Friday, in a question, you asked the Court to "Please define proximately as used in question 2 of the questionnaire". I then read to you a portion of the jury instructions that was overly broad. I read to you the portion of the instructions that related to the false arrest claim. Although that section of the charge does address the definition of "proximately", it applies to the probable cause issue, not the definition of proximately as it relates to trespass in Question 2. Therefore, in order to ensure that there is no confusion, I want to take this opportunity to instruct you that the definition of proximately as it is used in Question 2 means that any damage from any

alleged trespass must have been "a reasonable probable consequence of the act or omission" – meaning the trespass itself.  I am instructing you to disregard the other portion of the jury charge that I read to you in response to your question relative to Question 2 on the Questionnaire regarding the trespass claim.  The damages for the trespass claim are not related to the probable cause claim.

Dated: November 12, 2018

/s/Jennifer C. Persico
Jennifer C. Persico, Esq.
Lippes Mathias Wexler Friedman LLP
*Attorneys for Defendants*
50 Fountain Plaza, Suite 1700
Buffalo, New York 14202
Telephone: (716) 853-5100
E-Mail: jpersico@lippes.com

To:   Paul E. Fallon, Esq.
      *Attorney for Plaintiffs*
      57 High Park Blvd.
      Amherst, New York 14226
      Telephone: (716) 830-2931
      E-Mail: pfallon6458@gmail.com

      Daire Brian Irwin, Esq.
      *Attorney for Plaintiffs*
      210 Voorhees Avenue
      Buffalo, New York 14216
      Telephone: (716) 822-7645
      E-mail: dbi59@roadrunner.com